T.C. Memo. 2004-15

UNITED STATES TAX COURT

ROBERT HAROLD HATHAWAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 136-02L.                     Filed January 23, 2004.

Robert Harold Hathaway, pro se.

<u>Monica J. Miller</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, <u>Judge</u>:  This case arises from petitioner's request
for our review of respondent's determination that the filing of a
Federal tax lien with respect to the collection of petitioner's
unpaid taxes for 1996 and 1997 was appropriate.  The issue to be
resolved is whether that determination by respondent constitutes
an abuse of discretion.  Respondent raised the issue of whether

petitioner should be required to pay a penalty to the United States pursuant to section 6673 for instituting and/or maintaining this proceeding, and if so the amount thereof.[1]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits submitted therewith are incorporated herein by this reference.

At the time the petition was filed, petitioner resided in Ocala, Florida.  He is a doctor of veterinary medicine.

Petitioner timely filed income tax returns for 1996 and 1997.  On the 1996 tax return, the amount of tax due (exclusive of the estimated tax penalty) was shown as $17,112.  There were no withholding credits or estimated tax payments.  Nor was there a payment submitted with the return.

The tax shown as due (exclusive of the estimated tax penalty) on the 1997 return was $13,734.  Other than one estimated tax payment of $1,100, petitioner made no payments with respect to his 1997 tax liability.

On February 13, 2001, petitioner filed amended income tax returns on Forms 1040X, Amended Individual Income Tax Return, for 1996 and 1997.  These returns, as well as amended returns for 1998 and 1999, were submitted "as a part" of petitioner's 2000 income tax return.  The amended returns reported that petitioner

---

[1]All section references are to the Internal Revenue Code.

had no gross or taxable income (and consequently no tax liability) for the applicable periods. Attached to the amended returns was a three-page document in which petitioner stated that although no section of the Internal Revenue Code establishes an income tax liability, in order to avoid criminal prosecution for failure to file a tax return, he was filing a tax return for 2000 and amended tax returns (with zeros reported for amounts on all lines) for 1996-99 and reassessing his 1996-99 income as zero. Petitioner requested a refund of all taxes paid for 1996-99 as well as for 2000. The amended returns were not accepted by the Internal Revenue Service (IRS), and by letter dated January 31, 2002, respondent informed petitioner that his request for a tax refund was disallowed.

Petitioner received notice that Revenue Officer Charles Gear had filed a notice of Federal tax lien with the Clerk of the Circuit Court, Marion County, Florida. Subsequently, petitioner submitted to respondent a Form 12153, Request for a Collection Due Process Hearing, dated June 11, 2001, challenging the appropriateness of the filing of the Federal tax lien.

By letter dated September 17, 2001, Appeals Officer Charles R. Kelly informed petitioner that he was scheduling a telephone hearing with petitioner for October 4, 2001, at 9:30 a.m. Appeals Officer Kelly enclosed Forms 4340, Certificate of Assessments, Payments, and Other Specific Matters, for 1996 and

1997 with his letter.  In his letter, Appeals Officer Kelly stated that the tax petitioner reported when he filed his tax return is the tax owed and that the amended tax returns are not valid.

A telephone hearing was held as scheduled.  During that hearing petitioner advanced tax-protester arguments regarding his tax obligation and respondent's filing of the Federal tax lien. Petitioner did not raise any relevant issues relating to the existence or amount of his unpaid taxes.  Nor did petitioner make any offers of collection alternatives.

On November 2, 2001, a Notice of Determination Concerning Collection Action Under Section 6320 (Lien) of the Internal Revenue Code was sent to petitioner.  In that notice, respondent determined that the filing of a Federal tax lien was an appropriate collection action.  Petitioner then filed a petition with this Court under section 6330(d) disputing respondent's determination.  See sec. 6320(c).

## OPINION

Section 6321 imposes a lien in favor of the United States upon all property and rights to property belonging to a person liable for unpaid taxes after demand for payment.  Within 5 business days after the day of filing the notice of lien, the Secretary must notify in writing the person against whom the lien is filed (the taxpayer) that a tax lien was filed and inform the

taxpayer of his right to a hearing before an impartial Appeals officer. Sec. 6320. Pursuant to section 6320(c) the hearing is to be conducted pursuant to the rules provided in subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330. If the Commissioner issues a determination letter adverse to the position of the taxpayer, the taxpayer may seek judicial review of the determination. Sec. 6330(d).

This Court has established the following standards of review in considering whether a taxpayer is entitled to relief from the Commissioner's determination:

> where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion.

Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Petitioner essentially makes three arguments regarding his unpaid tax liability and respondent's collection actions (i.e., the filing of the tax lien). First, he posits that he incorrectly reported income for 1996 and 1997 because he had no "statutory income" to report. Second, petitioner claims that unless and until respondent can produce a "statutory notice and demand" and a signed assessment document, no valid section 6330 hearing can be conducted. And finally, petitioner maintains that

he should be allowed to challenge the existence of the underlying liabilities that he reported on tax returns he filed.

With regard to his tax liability (i.e., the unpaid tax) petitioner (in his trial memorandum) argues:

> 1. There is no Legislative Regulation (LAW) that requires me to pay a Federal Tax on my earnings, other than through apportionment when I buy products containing a Federal Sales Tax.

> 2. The 1040 IRS Personal Income Tax form is fraudulent.

> 3. In April 1996 and 1997 respectively, I filled out and signed 1040 U.S. Individual Income Tax Returns. I signed and filed the above returns under extreme duress. I was afraid that if I did not, I would go to jail. I would lose my practice plus all of my possessions.

> 4. Since that time I discovered that the 1040 form as provided by the IRS is fraudulent. The word "INCOME" has been defined by the Supreme Court in no less than 12 separate cases to mean "CORPORATE PROFITS." Yet the IRS fools the public into believing that their earnings are INCOME and are therefore taxable. I also discovered that there is no Legislative Regulation requiring me to pay Federal Taxes except through apportionment, Federal Sales Taxes.

> 5. I reassessed my 1996 through 2000 taxes to zero INCOME for those years using 1040X forms. Since I am not incorporated, I have no corporate profits. Therefore, I have no INCOME.

With regard to the filing of the Federal tax lien, petitioner (in a letter attached to his Request for a Collection Due Process Hearing) argues:

> I also received a **Notice of Federal Tax Lien** rubber stamped by Candace R. Donaldson for Charles Gear. This lien was also filed with the Clerk of

Circuit Court, Marion County, Ocala, FL 34478. Only the Secretary of the Treasury has the authority to file a Notice of Federal Tax Lien. The only exception to that would be if you have a **Delegation of Authority signed by the Secretary of the Treasury** authorizing you, Revenue Agent Charles Gear, ID#59-05257, to file a Notice of Federal Tax Lien. (See TITLE 26, Subtitle F, CHAPTER 64, Subchapter D. Sec. 6331(a) "Levy and distraint" and Subchapter C, Sec 6323(a) "Validity and priority against certain persons.")

If you do not possess a **Delegation of Authority signed by the Secretary of the Treasury** authorizing you, Revenue Agent Charles Gear, ID #59-05257, to file a Notice of Federal Tax Lien against me, I highly recommend that you send a release order to the Clerk of Circuit Court, Marion County, Ocala, FL 34478. If not, and this Notice of Federal Tax Lien causes me harm in anyway, shape or form, I will sue you personally and the IRS. I will also file a grievance against you with the Director of the Internal Revenue Service. (See TITLE 26, Subtitle F, CHAPTER 75, Subchapter A. Part I, Sec. 7214(a)(1),(a)(2),(a)(7) and (a)(9) "Offenses by officers and employees of the United States.")

Respondent maintains that in a section 6330 proceeding a taxpayer can challenge only those liabilities asserted by the Commissioner that differ in amount from the taxpayer's self-determination. Thus, according to respondent, petitioner is precluded from contesting the tax he reported on his 1996 and 1997 returns. This argument is similar to that which the Commissioner advanced, and we rejected, in <u>Montgomery v. Commissioner</u>, 122 T.C. ___ (2004).

Section 6330(c)(2) provides that a taxpayer may raise any "relevant" issue at the collection hearing; it does not say that the taxpayer may raise "any" issue. Petitioner raised only groundless and frivolous issues, not relevant issues.

Petitioner's challenge to the existence of his tax liability is meritless. During the years at issue, petitioner earned a significant amount of income as a doctor of veterinary medicine. He filed tax returns for 1996 and 1997 that reported Schedule C self-employment income of $59,077 for 1996 and $53,289 for 1997. The tax assessments generating the filing of the Federal tax lien are based on the tax shown on returns petitioner filed under penalties of perjury. See sec. 6201(a)(1).

Despite respondent's claim that petitioner could not challenge his underlying tax liabilities for 1996 and 1997 as reported on petitioner's tax returns for those years, petitioner, in fact, questioned the validity of those liabilities during his telephone hearing. Petitioner advanced frivolous arguments during this telephone hearing. Petitioner continued to advance his groundless arguments in his petition, his trial memorandum, and his trial testimony. Despite petitioner's assertions to the contrary, there is no genuine issue as to the existence of his 1996 and 1997 unpaid tax. And because petitioner challenged only the existence of a law requiring him to pay a Federal tax on his earnings and did not challenge the correctness of the amounts of income which he reported on his 1996 and 1997 tax returns, there is no genuine issue as to the amounts of petitioner's underlying tax liability for 1996 and/or 1997.

Appeals Officer Kelly verified that the assessments in question were properly made. He was not required to give petitioner a copy of the verification that the requirements of any applicable law or administrative procedure have been met. See Nestor v. Commissioner, 118 T.C. 162, 166 (2002).

Appeals Officer Kelly provided petitioner with Forms 4340 for 1996 and 1997. In this regard, see Lunsford v. Commissioner, 117 T.C. 183 (2001), and Davis v. Commissioner, 115 T.C. 35 (2000), wherein we held that a Form 4340 may be used to verify that a valid assessment was made.

Petitioner implies that Revenue Officer Gear did not have authority to file a notice of Federal tax lien with the Clerk of the Circuit Court, Marion County, Florida. This assertion is not valid. In this regard, see Everman v. Commissioner, T.C. Memo. 2003-137, wherein we noted that the Commissioner has authority to file a notice of Federal tax lien and that authority has been delegated to a host of IRS personnel, including various managers responsible for collection matters and GS-9 and above revenue officers pursuant to Delegation Order No. 196 (Rev. 4; Oct. 4, 2000).

Simply stated, during the section 6330 hearing petitioner had an opportunity to raise all relevant issues relating to the existence and/or amount of his unpaid tax liabilities for 1996 and 1997. He also had an opportunity to challenge the

appropriateness of respondent's tax lien. Petitioner failed to take advantage of the opportunity. Rather, he chose to espouse groundless and frivolous arguments. Consequently, there is no basis for us to conclude that it was an abuse of discretion for respondent to determine that the filing of a Federal tax lien in the instant situation was appropriate.

We now turn to whether, pursuant to section 6673, we should require petitioner to pay a penalty to the United States, and if so the amount thereof. Section 6673 provides, in part, that whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or the taxpayer's position in such proceeding is frivolous or groundless, the Tax Court, in its decision, may require the taxpayer to pay the United States a penalty not in excess of $25,000. Petitioner's position in this case is frivolous as well as groundless. Although petitioner was informed that his position has been rejected consistently by the courts, he nonetheless continued to advance it.

We have no doubt that petitioner, an educated individual, maintained this proceeding primarily to delay the day the IRS could collect taxes he owes for 1996 and 1997. Petitioner has wasted the time of respondent's agents and counsel as well as the time of this Court. We therefore impose a penalty of $10,000 on petitioner under section 6673.

To reflect the foregoing,

Decision will be entered for respondent.