T.C. Memo. 2004-204

UNITED STATES TAX COURT

KEVIN THOMPSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3947-03L.                    Filed September 8, 2004.

Kevin Thompson, pro se.

<u>John F. Driscoll</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  This case arises from respondent's issuance
of a Notice of Determination Concerning Collection Action(s)
Under Section 6320 and/or 6330 for petitioner's taxable year
1997.  Respondent has filed both a notice of Federal tax lien
filing and a notice of intent to levy against petitioner for his
1997 unpaid tax liability.  The issues for decision are:  (1)

Whether petitioner is entitled to a new Appeals Office hearing because he was not permitted to make an audio or stenographic recording of his hearing; and (2) whether respondent's determination to sustain the notice of intent to levy and the notice of Federal tax lien filing for petitioner's unpaid 1997 tax liability was an abuse of discretion. Because petitioner has not raised any relevant issues relating to the unpaid tax liability, we hold that a new hearing is not necessary and respondent's determination to proceed with collection was not an abuse of discretion.

FINDINGS OF FACT

On April 30, 1998, petitioner filed his 1997 Federal income tax return. On the 1997 return, petitioner reported his total income as zero and his total tax due as zero. The return claimed a refund of $1,086.82. On May 12, 2000, respondent issued a notice of deficiency to petitioner determining a deficiency of $6,023 and additions to tax under sections 6651(a)(1)[1] and 6654(a) of $1,493 (the 1997 liability). On May 13, 2000, petitioner sent a letter to respondent asserting various frivolous and groundless arguments challenging respondent's determination and the validity of the notice of deficiency. Petitioner did not petition this Court with respect to the notice

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended.

of deficiency. On October 9, 2000, respondent assessed the deficiency, additions to tax, and interest. On October 9 and November 13, 2000, respondent sent petitioner notices of balance due with respect to the 1997 liability. Petitioner responded to the November 13, 2000, notice of balance due with a letter containing frivolous and groundless arguments challenging the deficiency and the additions to tax.

On February 19, 2001, respondent issued a notice of intent to levy to petitioner. On February 26, 2001, petitioner replied in a letter containing frivolous and groundless challenges to the 1997 deficiency and additions to tax. On February 26, 2002, respondent filed a notice of Federal tax lien with the Clerk of Superior Court, Haralson County, Georgia. On March 1, 2002, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 with respect to the 1997 liability. On March 4, 2002, respondent sent to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing. On March 28, 2002, petitioner filed Form 12153, Request for a Collection Due Process Hearing, and attached five pages of frivolous and groundless arguments challenging the 1997 liability and the validity of the various notices respondent had sent him.

Petitioner exchanged several letters with the Internal Revenue Service (IRS) Appeals officer assigned to his case to

schedule his hearing.  In a letter dated August 4, 2002, petitioner informed the Appeals officer that he intended to audio record his hearing and bring a court reporter to make a stenographic recording of the hearing.  On August 15, 2002, the Appeals officer sent petitioner a letter informing him that as of May 2, 2002, the Appeals Office no longer allowed taxpayers to make audio or stenographic recordings of hearings.  The Appeals officer also sent him a copy of a Memorandum for All Appeals Area Directors dated May 2, 2002, from the Acting Chief of the Office of Appeals outlining the new policy.  See Keene v. Commissioner, 121 T.C. 8, 12 (2003), for the text of the memorandum.

On September 9, 2002, petitioner's hearing was held. Petitioner was not permitted to audio record or stenograph the hearing.  At the hearing, the Appeals officer provided petitioner with a copy of Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for his 1997 year.  The Appeals officer also explained to petitioner that he could offer collection alternatives at his hearing, which would be considered only if he was current in his filing requirements for years other than 1997.  On September 10, 2002, the Appeals officer sent petitioner a letter addressing some issues raised during the hearing and a copy of Delegation Order No. 196 (Rev. 4), which delegates the authority to sign notices of Federal tax liens to IRS Compliance Managers.  Petitioner replied in a letter dated

September 15, 2002, continuing to challenge the validity of respondent's notice of Federal tax lien filing, notice of intent to levy, and notice of deficiency. On October 25, 2002, the Appeals officer issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination), sustaining the proposed levy action and the notice of Federal tax lien filing for the 1997 liability. The notice of determination stated that petitioner was not in compliance with his filing requirements for certain years other than 1997. Petitioner timely filed a petition with this Court. At the time he filed his petition, petitioner resided in Buchanan, Georgia.

OPINION

Petitioner's primary argument is that the refusal by the Appeals Office to permit him to make an audio recording of his September 9, 2002, Appeals Office hearing was improper pursuant to this Court's holding in Keene v. Commissioner, supra. In Keene, we held that section 7521(a)(1) requires the IRS to allow taxpayers to audio record hearings held pursuant to sections 6320 and 6330. The Court remanded the taxpayer's case to the Appeals Office for a hearing in part because as a result of the taxpayer's not being allowed to audio record his hearing, the taxpayer had chosen not to have a hearing. Id. at 19. However, in Kemper v. Commissioner, T.C. Memo. 2003-195, issued on the

same day as <u>Keene</u>, we held that it was not necessary to remand the taxpayers' case to the Appeals Office for a second hearing even though the taxpayers were not permitted to record their hearing.  The Court found that all the taxpayers' arguments, other than their section 7521 argument, were frivolous or groundless arguments that the Court had previously rejected.  The Court found that a new hearing was unnecessary because the pleadings were sufficient to enable the Court to address all of the non-section 7521 issues raised by the taxpayers.  In <u>Keene</u>, the Court distinguished <u>Kemper</u> by making it clear that its remand of the <u>Keene</u> case to the Appeals Office was the result of the pleadings' being limited to the section 7521 issue, the Commissioner's acknowledgment that remand would be the proper remedy if the taxpayer prevailed, and the fact that the taxpayer had not received an Appeals Office hearing before trial.  <u>Keene v. Commissioner</u>, <u>supra</u> at 19-20.

Aside from petitioner's assertion that he should have been allowed to audio record his hearing, petitioner has raised only contentions, arguments, and questions that this Court has previously found to be frivolous and/or groundless.  Unlike the taxpayers in <u>Keene</u>, petitioner did receive a hearing, and the Appeals officer's notes of that hearing are a part of the record. At trial the Court provided petitioner an opportunity to raise any relevant issues that he might have raised at the hearing,

such as spousal defenses or collection alternatives, but he chose not to do so. Instead, petitioner stated that his position was summarized in his request for a hearing, which is part of the record and contains five pages of frivolous and groundless arguments. Petitioner's posttrial brief also fails to raise any relevant issues. Consequently, even though we held in Keene that section 7521(a)(1) requires the Appeals Office to allow a taxpayer to make an audio recording of a hearing, we conclude that it is not necessary and would not be productive to remand this case to the Appeals Office for another hearing in order to allow petitioner to make such an audio recording. See Lunsford v. Commissioner, 117 T.C. 183, 189 (2001). The record is sufficient for us to address petitioner's arguments without an additional hearing.

Petitioner admits that he received the notice of deficiency issued to him for 1997 but claims that the notice of deficiency is invalid because it was not signed by the Secretary of the Treasury himself or his delegate. We reject petitioner's contention. The Secretary's authority to issue notices of deficiency was delegated to the Service Center Directors. Delegation Order No. 77 (Rev. 28), effective May 17, 1996; secs. 301.6212-1(a), 301.7701-9(b), Proced. & Admin. Regs.; see also Nestor v. Commissioner, 118 T.C. 162, 165 (2002). The notice of

deficiency petitioner received was signed by the Service Center Director in Atlanta. Therefore, we conclude that petitioner did receive a valid notice of deficiency for 1997.

Petitioner also contends that the final notice of intent to levy and the notice of Federal tax lien filing that he received are invalid because they were not signed by the Secretary as required by sections 6330(a)(1) and 6320(a)(1). We disagree. For purposes of sections 6330(a) and 6320(a), the Secretary delegated the authority to issue notices of levy or lien to certain IRS employees. Secs. 7701(a)(11)(B) and (12)(A)(i), 7803(a)(2); see also secs. 301.6330-1(a)(1), 301.6320-1(a)(1), Proced. & Admin. Regs. The authority to levy on taxpayers' property was delegated to the "Automated Collection Branch Chiefs" in Delegation Order No. 191 (Rev. 2), effective Oct. 1, 1999. Wilson v. Commissioner, T.C. Memo. 2002-242. Consistent with this delegation of authority, the final notice of intent to levy in this case, which was executed by the chief of the Automated Collection Branch in Kansas City, Missouri, was valid. See Wilson v. Commissioner, supra. The authority to sign notices of Federal tax lien was delegated to the compliance managers responsible for collection matters in Delegation Order No. 196 (Rev. 4), effective Oct. 4, 2000. Hathaway v. Commissioner, T.C. Memo. 2004-15. Petitioner's Notice of Federal Tax Lien Filing and Your Right to a Hearing Under Section 6320 was executed by the Compliance Technical Support Territory Manager for Kansas City, Missouri, and was valid.

Section 6330(c)(2)(B) provides that a taxpayer may challenge the existence or amount of his underlying tax liability if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Because petitioner received a notice of deficiency for 1997, he may not challenge his underlying tax liability for that year in either an Appeals Office hearing or this Court. See id.

Petitioner next argues that the assessment against him was invalid. The Appeals officer provided petitioner with a copy of the Form 4340, a computer-generated transcript of petitioner's account. Absent a showing by the taxpayer of some irregularity in the assessment procedure that would raise a question about the validity of the assessments, a Form 4340 is presumptive evidence that a tax has been validly assessed. Davis v. Commissioner, 115 T.C. 35, 40 (2000). Petitioner has not shown, or even alleged, any irregularities in respondent's assessment procedures that would cast doubt on the accuracy of the Form 4340 or the validity of the assessment.

Petitioner next argues that the Appeals officer did not produce verification from the Secretary that the requirements of any applicable law or administrative procedures were met. Section 6330(c)(1) requires the Appeals officer to obtain such verification, but it does not require the Appeals officer to

provide the verification to the taxpayer. Nestor v. Commissioner, supra at 166; sec. 301.6330-1(e)(1), Proced. & Admin. Regs. As stated above, the Appeals officer did review Form 4340 for petitioner's 1997 account. This was sufficient to fulfill the requirement of section 6330(c)(1). See Nestor v. Commissioner, supra at 166.

Petitioner next contends that he did not receive a valid notice and demand for payment for 1997 as required by section 6303(a). However, the Form 4340 reviewed by the Appeals officer showed that notices of balance due were sent to petitioner on October 9 and November 13, 2000. Petitioner's response to the November 13, 2000, notice of balance due is proof that he received it. A notice of balance due constitutes the notice and demand for payment required by section 6303(a). Standifird v. Commissioner, T.C. Memo. 2002-245, affd. 72 Fed. Appx. 729 (9th Cir. 2003); see also Tornichio v. Commissioner, T.C. Memo. 2002-291.

Section 6673(a) authorizes this Court to impose a penalty of up to $25,000 if a taxpayer institutes or maintains proceedings that are primarily for delay, or if the taxpayer's position is frivolous or groundless. While we shall not impose a penalty under section 6673(a) today, we admonish petitioner that we will consider imposing such a penalty in the future if he continues to make frivolous and groundless arguments in this Court.

In conclusion, petitioner was given an opportunity to raise relevant issues at his hearing, at trial, and on brief.  In his correspondence with the Appeals Office petitioner maintained frivolous and groundless arguments.  Petitioner has not raised a spousal defense, made a valid challenge to the appropriateness of the collection action, or offered any collection alternatives. We hold that a remand for a new hearing is unnecessary, and that respondent's determination to proceed with collection was not an abuse of discretion.

<u>Decision will be entered for respondent</u>.