T.C. Memo. 2006-161

UNITED STATES TAX COURT

MARC A. CLAMPITT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1555-06L.                    Filed August 14, 2006.

Marc A. Clampitt, pro se.

<u>Daniel N. Price</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  This matter is before the Court on
respondent's motion for summary judgment pursuant to Rule 121 and
to impose a penalty pursuant to section 6673.  The issue we must
decide is whether respondent's Appeals Office abused its
discretion in determining to proceed with collection of

petitioner's tax liability for taxable year 1998.  After considering respondent's motion and petitioner's response, we conclude that there remain no issues of material fact that require trial or hearing.  For the reasons stated below, we shall grant respondent's motion for summary judgment and to impose a penalty pursuant to section 6673.[1]  Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

## Background

At the time of filing the petition in the instant case, petitioner resided in Pflugerville, Texas.  During 1998, petitioner worked as a self-employed real estate agent but did not timely file a Federal income tax return for that year or pay any tax.  Revenue Agent Lynn Smalls (Ms. Smalls) contacted petitioner during the course of examining his 1998 taxable year. Petitioner hired a return preparer to complete his 1998 tax return and submitted to Ms. Smalls on January 18, 2005, a return showing a $19,389 tax.  Petitioner did not remit any payment with his return and had no withholding credits.  Ms. Smalls accepted

---

[1]Respondent also filed a motion to permit levy pursuant to sec. 6330(e)(1).  We do not need to address that motion because we conclude, for reasons stated below, that respondent's determination to proceed with collection of petitioner's 1998 tax liabilities was not an abuse of discretion and therefore shall grant respondent's motion for summary judgment.

petitioner's return as filed and made the appropriate assessments of tax, additions to tax, and interest.

On or about May 24, 2005, petitioner filed a purported amended tax return for 1998 on which he claimed that his self-employment income, reported on Schedule C, Profit or Loss From Business, was not taxable, and he reported no tax liability. Ms. Smalls informed petitioner that his purported amended return provided no basis for changing his original 1998 return submitted on January 18, 2005. Petitioner supported his purported amended return citing numerous typical frivolous tax protester type arguments.

On June 18, 2005, respondent sent petitioner a Final Notice of Intent to Levy and Your Right to a Hearing, advising petitioner that respondent intended to collect by levy petitioner's unpaid tax liability for 1998. In a letter dated June 28, 2005, petitioner requested a section 6330 hearing with respondent's Appeals Office, raising numerous frivolous tax protester type arguments. In letters dated September 30 and October 18, 2005, petitioner again raised his frivolous tax protester arguments and attached copies of his frivolous amended return claiming he did not owe tax for 1998.

Petitioner's section 6330 hearing was assigned to Settlement Officer Robert Bethea (Mr. Bethea). In a letter dated November 7, 2005, Mr. Bethea warned petitioner that his claims were

frivolous and directed petitioner to a publication entitled "The Truth About Frivolous Tax Arguments" available on the Internal Revenue Service's Web site. Petitioner quickly responded to Mr. Bethea, and in a letter dated November 11, 2005, raised his frivolous tax protester arguments and attached his frivolous amended return claiming he did not owe taxes for 1998. Petitioner also informed Mr. Bethea in this letter: "I have responded to you with this letter so a telephone conference is not necessary." Mr. Bethea considered the documents petitioner sent during the section 6330 administrative process, concluded that petitioner's contentions were frivolous and that petitioner did not offer any collection alternatives, and on December 22, 2005, sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the proposed levy to collect petitioner's 1998 tax liabilities. Petitioner timely petitioned this Court. On May 18, 2006, respondent filed the instant motion for summary judgment and to impose a penalty pursuant to section 6673. On June 15, 2006, petitioner filed a response.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where there is no genuine issue of material fact and a decision may be

rendered as a matter of law.  Rule 121(a) and (b); <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party.  <u>Craig v. Commissioner</u>, 119 T.C. 252, 260 (2002); <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).  The party opposing summary judgment must set forth specific facts that show that a genuine question of material fact exists and may not rely merely on allegations or denials in the pleadings. <u>Grant Creek Water Works, Ltd. v. Commissioner</u>, 91 T.C. 322, 325 (1988); <u>Casanova Co. v. Commissioner</u>, 87 T.C. 214, 217 (1986).

Section 6330 provides that no levy may be made on any property or right to property of a taxpayer unless the Secretary first notifies him in writing of the right to a hearing before the Appeals Office.  The Appeals officer must verify at the hearing that the applicable laws and administrative procedures have been followed.  Sec. 6330(c)(1).  At the hearing, the taxpayer may raise any relevant issues relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives.  Sec. 6330(c)(2)(A).  The taxpayer may challenge the existence or amount of the underlying tax, however, only if he did not receive any statutory notice of deficiency for

the tax liability or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Where the validity of the underlying tax is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

A taxpayer may challenge a self-assessed liability reported on his return where he has not had the opportunity to dispute the liability.  Montgomery v. Commissioner, 122 T.C. 1, 9 (2004). However, section 6330(c)(2) only allows the taxpayer to raise "any relevant issue relating to the unpaid tax or the proposed levy", not "any" issue.  Frivolous challenges to the underlying liability are not "relevant issues".  Hathaway v. Commissioner, T.C. Memo. 2004-15.

In the instant case, the record indicates that the only issues petitioner raised throughout the section 6330 administrative process, in his petition to this Court, and in his response to respondent's motions for summary judgment, were frivolous tax protester type arguments.  We do not address petitioner's frivolous arguments with somber reasoning and copious citations of precedent, as to do so might suggest that

these arguments possess some degree of colorable merit. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Petitioner had the opportunity to challenge the correctness of his tax liability for 1998 but instead chose not to do so. Therefore petitioner's underlying tax liability for 1998 was not properly in issue. Accordingly, we hold that no genuine issue of material fact exists requiring trial and that respondent is entitled to summary judgment. Respondent's determination to proceed with the proposed levy to collect petitioner's tax liability for 1998 was not an abuse of discretion.

Section 6673(a)(1) provides that this Court may require the taxpayer to pay a penalty not in excess of $25,000 whenever it appears to this Court: (a) The proceedings were instituted or maintained by the taxpayer primarily for delay; (b) the taxpayer's position is frivolous or groundless; (c) or the taxpayer unreasonably failed to pursue available administrative remedies. Respondent has moved that the Court impose a penalty in the instant case. The record indicates that petitioner received several warnings that this Court could impose a penalty if he persisted in raising his frivolous tax protester arguments. Despite being warned, petitioner raised his frivolous arguments throughout the section 6330 administrative process, in his petition to this Court, and in his response to respondent's

motion.  Accordingly, we shall impose a $10,000 penalty on petitioner pursuant to section 6673.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered.</u>