T.C. Summary Opinion 2010-161


UNITED STATES TAX COURT


TOM J. KUECHENMEISTER, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19839-09S.                    Filed October 27, 2010.


Tom Kuechenmeister, pro se.

James L. Gessford, Christina L. Cook, and Jack Forsberg, for respondent.


VASQUEZ, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code (Code) in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]  Unless otherwise indicated, all section references are to the Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Pursuant to section 6330(d)(1), petitioner seeks judicial review of respondent's determination to proceed with a proposed levy to collect petitioner's unpaid Federal income tax liabilities for 2006 and 2007. The matter is presently before the Court on respondent's motion for summary judgment filed pursuant to Rule 121 and to impose a penalty under section 6673(a)(1).

We conclude that there is no genuine issue as to any material fact, and respondent is entitled to summary judgment as a matter of law.

Petitioner resided in South Dakota when the petition was filed.

## Background

In 2006 and 2007 petitioner was a truck driver for A&A Express, Inc. (A&A Express), working as an independent contractor. During that time he received gross receipts totaling approximately $144,000, an amount reflected on the Forms 1099-MISC, Miscellaneous Income, A&A Express issued to him.[2] Petitioner filed Federal income tax returns for both years and

---

[2] Petitioner's taxable income was $1,709 in 2006 and $10,463 in 2007.

reported taxes owed of $1,794 for 2006 and $4,101 for 2007.[3] Although he admits receiving the amounts listed on both Forms 1099-MISC, petitioner has made only one payment towards his 2006 Federal income tax liability ($1,472.67 on June 29, 2007) and has failed to make any payments towards his 2007 Federal income tax liability.[4]

On January 21, 2009, respondent mailed petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice). The levy notice advised petitioner that respondent intended to levy on petitioner's property to secure payment of his outstanding tax liabilities for 2006 and 2007. The levy notice also explained that petitioner had a right to request a hearing with respondent's Office of Appeals (Appeals) to appeal the proposed collection action and to discuss payment method options by submitting Form 12153, Request for a Collection Due Process or Equivalent Hearing.

Petitioner timely submitted Form 12153, on which he explained that he disagreed with the proposed levy because the

---

[3] Petitioner calculated his tax liability for each year by using the Form 1099-MISC provided by A&A Express and Schedule C, Profit or Loss From Business. He also calculated his self-employment tax for each year and included those amounts on his 2006 and 2007 Federal income tax returns.

[4] The Internal Revenue Service (IRS) assessed the amounts reported as owed on petitioner's 2006 and 2007 Federal income tax returns along with additions to tax and interest on May 28, 2007, and June 2, 2008, respectively.

"IRS * * * [failed] to provide * * * [a] definition of what percentage of wages apply to income".  He also attached a letter describing the inability of "the 1040 form and others [to] provide me with correctly determining what my gain is that is recognized and realized".

On April 23, 2009, Appeals mailed petitioner an introductory letter naming Monica L. Garcia (Ms. Garcia) as the Appeals officer.  On April 29, 2009, Ms. Garcia sent petitioner a letter notifying him that she could not schedule his requested collection due process hearing (CDP hearing) at that time because his reasons for disagreeing with the intent to levy were considered frivolous positions.  Petitioner was given 30 days to either withdraw his request for a CDP hearing or amend it by including a nonfrivolous argument.

On May 11, 2009, petitioner mailed two letters to Ms. Garcia.  The first letter was a Freedom of Information Act request asking Ms. Garcia to provide petitioner with information relating to the authority of the IRS to tax him and the definition of income.[5]  The second letter was titled "Request for Hearing" and stated that he desired a CDP hearing based on what

_____

[5] Specifically, petitioner asked Ms. Garcia to provide him with:  (1) The statute that allows the IRS to tax a U.S. citizen; (2) the statute that authorizes the IRS "to determine a zero basis on a citizen's personal labor"; and (3) the definition of income ("Not gross income or taxable income, only income").

his true amounts of income were for 2006 and 2007.[6]  Ms. Garcia treated petitioner's second letter as raising a nonfrivolous issue and sent petitioner a letter scheduling a telephone conference for July 7, 2009.[7]

On June 26, 2009, petitioner mailed Ms. Garcia a letter informing her that the telephone conference would be unnecessary because she was not impartial and unbiased.[8]  Ms. Garcia did not receive the letter before July 7, 2009, and phoned petitioner as scheduled.  Petitioner told her that he owed no taxes and that a hearing was no longer necessary because she was not impartial.  Ms. Garcia again explained to petitioner that his tax liabilities resulted from the Federal income tax returns he submitted and if he felt that they were inaccurate, he could amend them.

On July 10, 2009, Ms. Garcia received a faxed copy of petitioner's June 26, 2009, letter, along with a second letter from petitioner stating that if Ms. Garcia still wanted to have

---

[6]  Petitioner included with the second letter his January and December bank statements for 2006 and 2007.  Petitioner concluded that "an accurate accounting of * * * [his] income" is calculated by subtracting his account balance at the beginning of the year from his account balance on Dec. 31.

[7]  Ms. Garcia's letter stated that "The liabilities are based on self assessed tax returns *you* filed.  To change any information on your original tax returns, you should file an amended return on Form 1040X".

[8]  Petitioner's letter also included many of the same frivolous arguments he had previously made, including that he was not liable for any tax under the Code and respondent inaccurately measures gain.

the CDP hearing petitioner would participate, but it could take place no earlier than August 25, 2009. Petitioner's second letter also informed Ms. Garcia that he would not amend his Federal income tax returns because no Federal income tax returns were required to be filed in the first place.

On July 22, 2009, Ms. Garcia mailed petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sustaining the proposed levy. The notice of determination stated that petitioner made arguments that the IRS considered frivolous and refused to amend his Federal income tax returns when given the opportunity.[9]

Petitioner challenged respondent's notice of determination by filing a petition containing numerous arguments this Court has found frivolous. Respondent subsequently filed a motion for summary judgment and to impose a penalty under section 6673. Respondent's motion was heard on June 7, 2010.

## Discussion

### I. Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla.

---

[9] The notice of determination also stated that Ms. Garcia had: (1) Verified that respondent had satisfied any applicable law or procedure with respect to the proposed levy and (2) balanced the competing interests of efficient collection with petitioner's concern that the collection activity be no more intrusive than necessary.

Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment where there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

The party moving for summary judgment bears the burden of proving that there is no genuine issue of material fact, and all facts are viewed in the light most favorable to the nonmoving party. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). However, the nonmoving party may not rest on the mere allegations or denials of the moving party's pleadings; rather, the nonmoving party must set forth specific facts showing there is a genuine issue for trial. Rule 121(d); Dahlstrom v. Commissioner, supra at 820-821.

II. Determination To Proceed With Collection

Section 6330(a) provides that no levy may be made on any property of a taxpayer unless the Secretary has first notified the taxpayer in writing of his right to a section 6330 hearing. If the taxpayer properly requests a hearing under section 6330(a), the taxpayer is entitled to a hearing before an impartial Appeals officer. Sec. 6330(b). During the hearing the taxpayer may raise any relevant issue related to the unpaid tax or proposed levy, including challenges to the appropriateness of the collection action and offers of collection alternatives.

Sec. 6330(c)(2)(A).  The taxpayer may also challenge the underlying tax liability if the taxpayer did not receive a statutory notice of deficiency or did not otherwise have a prior opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).

Following the hearing the Appeals officer must determine whether the proposed collection activity should proceed.  In making the determination the Appeals officer shall take into consideration:  (1) Whether the requirements of all applicable law or administrative procedure have been satisfied; (2) any relevant issues raised by the taxpayer during the section 6330 hearing; and (3) whether the proposed collection action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary.  Sec. 6330(c).

Where the underlying tax liability is properly at issue, the Court decides the issue of liability de novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000).  Where the underlying tax liability is not at issue, we review the determination for abuse of discretion.  Id.; Goza v. Commissioner, 114 T.C. 176, 182 (2000).  An Appeals officer's determination will not be an abuse of discretion unless the determination is arbitrary, capricious, or without sound basis in fact or law.  Giamelli v. Commissioner, 129 T.C. 107, 111 (2007); Freije v. Commissioner, 125 T.C. 14, 23 (2005); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).  In

evaluating a taxpayer's arguments, an Appeals officer is not required to consider irrelevant or frivolous arguments.

Petitioner's challenge to the amount of his underlying tax liabilities is meritless.  See Hathaway v. Commissioner, T.C. Memo. 2004-15.  He does not dispute the accuracy of the income which he reported on his 2006 and 2007 Federal income tax returns.  Respondent also told petitioner numerous times that he could amend his Federal income tax returns if he felt that they were inaccurate, and petitioner refused to do so.

Despite petitioner's request to cancel his scheduled CDP hearing, Ms. Garcia called petitioner as scheduled and gave him an opportunity to provide a legitimate reason why his underlying tax liabilities were incorrect and the proposed levy should not proceed.  Petitioner advanced frivolous arguments before ending the phone call.  He continued to advance his groundless arguments in his petition, trial memoranda, and testimony.

There is no genuine issue as to the existence of his underlying tax liabilities, and because petitioner challenged only the existence of a law requiring him to pay a tax on his earnings and did not challenge the correctness of the amounts of income which he reported on his 2006 and 2007 Federal income tax returns, there is no genuine issue as to the amount of his underlying tax liabilities.  See id.

In making her determination that the collection action should proceed, Ms. Garcia verified that the requirements of any applicable law or administrative procedure had been met. Additionally, petitioner raised no relevant issues for Ms. Garcia to consider and failed to offer any collection alternatives. Finally, petitioner made no legitimate arguments that Ms. Garcia abused her discretion. Rather, his arguments related to the definition and calculation of income, arguments this Court has long held to be frivolous and associated with tax protesters. See Abrams v. Commissioner, 82 T.C. 403, 407 (1984).

Under these circumstances, Ms. Garcia's determination to proceed with the collection of petitioner's 2006 and 2007 Federal income tax liabilities was not arbitrary, capricious, or without sound basis in fact or law and was therefore not an abuse of her discretion. Consequently, respondent's motion for summary judgment will be granted.

III. Section 6673 Penalty

Respondent also asked the Court to impose a penalty on petitioner under section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceedings or instituted the proceedings primarily for delay. We choose not to impose a penalty on petitioner but take this opportunity to warn

him that the Court may impose a penalty pursuant to section 6673(a)(1) if he returns to the Court and proceeds in a similar fashion in the future.  See <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000).

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.