T.C. Memo. 2018-204

UNITED STATES TAX COURT

CONRAD PRENTISS BURNETT, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7766-17L.                         Filed December 18, 2018.

Conrad Prentiss Burnett, Jr., pro se.

Robert J. Braxton, for respondent.

MEMORANDUM OPINION

GERBER, Judge:  This matter is before the Court on respondent's motion

for summary judgment filed pursuant to Rule 121.[1]  On August 15, 2018, the Court

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

[*2] filed respondent's motion for summary judgment. On August 31, 2018, the Court filed petitioner's Notice of Objection to Motion for Summary Judgment, Objection and Motion for Summary Judgment for Lack of Subject Matter Jurisdiction, and Notice of Constitutional Challenge.

Background

The following facts are based on the parties' pleadings, respondent's motion, and petitioner's opposition, including the attached affidavits and exhibits. Petitioner resided in Virginia when the petition was filed. Petitioner's income tax liabilities for the taxable years 2004, 2010, 2013, and 2014 are based on the tax returns he filed. Respondent determined that petitioner's 2009 tax return was a frivolous return and assessed a $5,000 frivolous return penalty under section 6702. Respondent determined petitioner's tax liabilities for 2009 and 2011 using the substitute for return procedures of section 6020(b), and on June 25, 2012, and June 30, 2014, respondent sent petitioner notices of deficiency for 2009 and 2011, respectively. On July 12, 2012, petitioner sent a letter to respondent acknowledging receipt of the 2009 notice of deficiency. Petitioner did not petition the Tax Court with respect to the deficiency for either taxable year 2009 or 2011.

---

[1](...continued)
Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] Respondent assessed the deficiencies, along with additions to tax and interest against petitioner for the 2009 and 2011 taxable years on November 12, 2012, and November 24, 2014, respectively.

On May 6, 2016, respondent issued a Notice LT11, Notice of Intent to Levy (levy notice), advising petitioner that respondent intended to seize his property for his unpaid tax liabilities for the taxable years 2004, 2009, 2010, 2011, 2013, and 2014. The notice further advised petitioner that he had the right to a collection due process (CDP) hearing. On June 3, 2016, petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. In an attached document, petitioner stated that: (1) he is not subject to Federal income tax because there is nothing in the Internal Revenue Code that makes him liable; (2) he did not receive a "notice and demand" for the tax liabilities at issue; (3) he did not have a hearing and no levy can be made until he does; (4) the levy notice he received was not signed and did not apply to his property; and (5) he requested a face-to-face hearing to raise the existence or amounts of the liabilities.

On July 15, 2016, respondent sent petitioner a letter acknowledging receipt of the request for a CDP hearing. On August 8, 2016, petitioner sent respondent a letter requesting a face-to-face CDP hearing and stating that respondent's request for unfiled tax returns was "absolutely irrelevant" and requested information and

[*4] authority that allows respondent to request unfiled tax returns for "uninvolved tax years". Petitioner also asserted a number of common tax-protester arguments and stated that he would record any telephone calls with respondent.

In response, respondent sent petitioner a letter dated September 29, 2016, advising petitioner that one or more issues raised in his CDP request are deemed frivolous and would therefore disqualify him for a face-to-face CDP hearing; however, he would be allowed a face-to-face CDP hearing if he withdrew any frivolous issues in writing within 30 days. Respondent informed petitioner that recording a CDP hearing was allowed only for in-person hearings.

On October 11, 2016, petitioner sent respondent a letter requesting a CDP hearing by correspondence. In the letter petitioner repeated generally the same tax protester arguments, including that his property is not subject to levy because he is not a Federal employee and that only property already in respondent's possession is subject to levy or seizure. He further requested that respondent address the statutes, legal issues, and facts of the case. On October 26, 2016, Settlement Officer Dunnington (SO Dunnington) sent petitioner a Letter 3846, Appeals Received Your Request for a Collection Due Process Hearing, informing him that a telephone CDP hearing was scheduled for November 29, 2016. The letter further requested that petitioner provide a copy of his signed tax return for 2011

[*5] for audit reconsideration, a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, a signed tax return for taxable year 2012, any amended tax return for 2004, 2010, 2013, or 2014 which he believes is incorrect, and any reasons why he should be allowed to dispute the underlying liabilities. SO Dunnington informed petitioner that he could not dispute the underlying liability for taxable year 2009 because he had sent a letter acknowledging receipt of the 2009 notice of deficiency, and SO Dunnington explained why he had been assessed a section 6702 penalty for filing a frivolous tax return for 2009. Finally, SO Dunnington warned petitioner that if he continued to maintain a frivolous or groundless position he could be subject to a penalty up to $25,000 by the Court pursuant to section 6673.

On November 30, 2016, SO Dunnington replied by letter acknowledging that petitioner had requested to have his CDP hearing via correspondence. She responded to several of petitioner's frivolous arguments. She warned him that the Court could impose a penalty up to $25,000 if he continued to make arguments that have been deemed frivolous. She again requested that he provide her with an original and signed copy of his delinquent tax return for 2011, the Form 433-A, a signed tax return for 2012, any amended returns for 2004, 2010, 2013, and 2014, and any reason why he should be allowed to dispute the underlying liabilities.

**[\*6]**   Petitioner did not provide SO Dunnington with a signed or amended tax return for any of the years at issue and did not submit any collection information statement or other documentation.  Consequently, on March 17, 2017, respondent issued petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 sustaining the levy notice on the basis that it was appropriate and balanced the need for the efficient collection of taxes with petitioner's legitimate concern that any collection action be no more intrusive than necessary.  The notice of determination further stated that the Appeals Office was unable to grant petitioner's request for a face-to-face hearing or consider an alternative to collection action because:  (1) petitioner was not currently in compliance with filing returns and paying his taxes and (2) petitioner had failed to provide the requested financial information.

Petitioner timely filed a petition with this Court challenging the determination notice and generally repeating the same common tax-protester arguments he had proffered during the administrative proceedings.

## Discussion

Litigants may move for summary judgment on all or any part of the legal issues in controversy.  Rule 121(a).  Summary judgment may be granted if there is no genuine issue as to any material fact and a decision may be rendered as a matter

**[\*7]** of law. Rule 121(b). Factual inferences are viewed in a light most favorable to the nonmoving party, and the moving party bears the burden of proving that there is no genuine issue of material fact. <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). The party opposing summary judgment must set forth specific facts which show that a genuine question of material fact exists and may not rely merely on allegations or denials in the pleadings. Rule 121(d); <u>see</u> <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. at 520.

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer who fails to pay taxes within 10 days after notice and demand for payment. Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to unpaid tax only if the Secretary has given written notice to the taxpayer 30 days before the levy. Section 6330(a) requires the Secretary to send a written notice to the taxpayer of the amount of unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before the levy has begun.

Petitioner has repeatedly complained regarding the appropriateness of collection actions with respect to his State tax refund; namely, petitioner argues that he is entitled to a face-to-face CDP hearing. Collection due process hearings

**[\*8]** are informal, may consist of one or more oral or written communications between a settlement officer and the taxpayer, and do not require the settlement officer and the taxpayer to have a face-to-face conference. See sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. This Court has consistently held that a face-to-face CDP hearing is not required pursuant to section 6320 or 6330 and that a proper CDP hearing may be held by telephone or by correspondence under certain circumstances. See Giamelli v. Commissioner, 129 T.C. 107, 111-112 (2007); Katz v. Commissioner, 115 T.C. 329 (2000); Toth v. Commissioner, T.C. Memo. 2010-227; Huntress v. Commissioner, T.C. Memo. 2009-161; Moline v. Commissioner, T.C. Memo. 2009-110, aff'd, 363 F. App'x 675 (10th Cir. 2010).

If a CDP hearing is requested, the taxpayer may raise at the hearing "any relevant issue relating to the unpaid tax or the proposed levy". Sec. 6330(c)(2)(A). The taxpayer may also raise challenges to the existence or amount of the underlying tax liability if the taxpayer did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability. Sec. 6330(c)(2)(B). An issue is not properly raised during a CDP hearing if the taxpayer fails to request consideration of the issue or fails to present evidence after being given a reasonable opportunity to do

[*9] so.  See Thompson v. Commissioner, 140 T.C. 173, 178 (2013); see also sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

Respondent issued notices of deficiency to petitioner for tax years 2009 and 2011 on June 24, 2012, and June 30, 2014, respectively.  Because petitioner received notices of deficiency for those years and thus had prior opportunities to dispute his underlying liabilities for those years, he cannot challenge the existence or amounts of the liabilities here.  However, petitioner was entitled to contest the frivolous return penalty at the CDP hearing if he had not otherwise had an opportunity to do so.  See sec. 6330(c)(2)(B).  In order to raise the issue of his liability for the frivolous return penalty in this Court, he was required to contest the penalty at the CDP hearing and in his petition.  Petitioner did not explicitly challenge the frivolous return penalty at the CDP hearing or in his petition; thus, he cannot challenge it here.  The amounts of tax owed for taxable years 2004, 2010, 2013, and 2014 are based on unpaid taxes reflected on petitioner's returns.  SO Dunnington requested that petitioner submit amended returns for any amounts owed that he was disputing for those years.  Petitioner did not submit an amended return for any year.

Moreover, section 6330(c) permits only "relevant" issues to be raised.  The term "relevant" does not include frivolous or groundless issues.  See Hathaway v.

[*10] Commissioner, T.C. Memo. 2004-15. Petitioner has raised frivolous issues and arguments based upon common tax-protester arguments for these taxable years. For example, petitioner questioned the subject matter jurisdiction of this Court referencing irrelevant portions of the United States Constitution even though section 6330(d) clearly provides for our jurisdiction in these matters. We will not refute these arguments with somber reasoning and copious citations as if such arguments possessed some colorable merit. Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).

Because petitioner's underlying liabilities and section 6702 penalty are not properly at issue in this case, we review respondent's determination regarding collection action for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000). Pursuant to this standard, the taxpayer must prove that the determination was arbitrary, capricious, or without sound basis in fact or law. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Woodral v. Commissioner, 112 T.C. 19, 23 (1999). Generally, we may consider only those issues that the taxpayer raised during the hearing. See sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see also Magana v. Commissioner, 118 T.C. 488, 493 (2002).

We have consistently held that it is not an abuse of discretion for the Appeals Office to reject collection alternatives and sustain the proposed collection

[*11] action on the basis of the taxpayer's failure to submit requested financial information or failure to be current with his or her filing obligations. See Huntress v. Commissioner, T.C. Memo. 2009-161; Prater v. Commissioner, T.C. Memo. 2007-241; Roman v. Commissioner, T.C. Memo. 2004-20.

SO Dunnington informed petitioner that he needed to withdraw his frivolous claims and requested that he provide a Form 433-A and any amended returns for the years at issue, file his delinquent 2012 income tax return, and be in compliance with his Federal income tax filing obligations in order to qualify for a face-to-face CDP hearing. However, after being given ample time, petitioner never withdrew his frivolous claims, provided the requested financial information, or filed his delinquent or amended returns. Accordingly, SO Dunnington did not abuse her discretion in sustaining the collection action.

Respondent suggests the imposition of a penalty under section 6673. The Court may on its own determine whether to impose a penalty not to exceed $25,000 when it appears to the Court that a taxpayer's position is frivolous or groundless. Sec. 6673. The record does not reveal that petitioner previously made these or similar frivolous claims to this Court. Under these circumstances, we choose not to impose a section 6673 penalty on this occasion. However, we

**[*12]** caution petitioner that future advancement of these or similar arguments are more likely to be sanctioned and may result in penalties of up to $25,000.

We find that there is no genuine dispute as to any material fact for trial in this case. Accordingly, we will grant respondent's motion for summary judgment and sustain the determination to proceed with the proposed collection action

To reflect the foregoing,

An appropriate order and

decision will be entered.