T.C. Summary Opinion 2007-71


UNITED STATES TAX COURT


JASON HARRINGTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16382-05S.                    Filed May 7, 2007.


Jason Harrington, pro se.

<u>Beth A. Nunnink</u>, for respondent.



WELLS, <u>Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect

when the petition was filed.[1]  Pursuant to section 7463(b), the

decision to be entered is not reviewable by any other court, and

---

[1]Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all subsequent
section references are to the Internal Revenue Code, as amended.

this opinion shall not be treated as precedent for any other case.

This matter is before the Court on respondent's motion for summary judgment pursuant to Rule 121. The issue we must decide is whether respondent's Appeals Office abused its discretion in determining to proceed with collection of petitioner's tax liabilities for taxable years 1998, 2000, 2001, and 2002 by lien.

## Background

At the time of filing the petition, petitioner resided in Clarksdale, Mississippi.

Petitioner filed an income tax return for taxable year 1998, but failed to pay all of the liability reported on the return. Petitioner failed to file income tax returns for 2000, 2001, and 2002. On October 27, 2003, respondent sent petitioner two letters requesting that petitioner file income tax returns for 2000 and 2001. On November 26, 2003, respondent received from petitioner returns for taxable years 2000 and 2001, which reported zeros on every line of the return. Attached to the returns for 2000 and 2001 were letters containing frivolous arguments.

On February 27, 2004, respondent sent petitioner notices of deficiency for 2000 and 2001. On July 19, 2004, respondent assessed the tax liabilities, along with additions to tax and

interest.   Respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. 6320 (CDP Notice), dated January 7, 2005, advising petitioner that a notice of Federal tax lien had been filed with respect to his unpaid liabilities for taxable years 1998, 2000, 2001, and 2002, and that petitioner could receive a hearing with respondent's Office of Appeals.

On February 16, 2005, petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing.   On Form 12153, petitioner states only "I DONOT [sic] UNDERSTAND!" Petitioner did not suggest any collection alternatives. Petitioner was not current in filing his income tax returns, having failed to file returns for 1999, 2003, and 2004.

On June 7, 2005, Settlement Officer Suzanne Magee (Mrs. Magee) set up a telephonic conference for June 28, 2005, requested returns for the 1999, 2003, and 2004 tax years, requested the collection information statement, requested proof of payment of estimated taxes for 1999, 2003, and 2004, and provided information on what could be discussed during the collection due process hearing.   Mrs. Magee requested that such information be provided by July 21, 2005.

By letter dated June 17, 2005 (June 17 letter), petitioner requested a conference at a later date.   The June 17 letter also requested a face-to-face hearing and contained frivolous

arguments.  Finally, the letter threatened that petitioner would file a claim for damages of $200,000 against the Settlement Officer personally.

By letter dated June 21, 2005, Mrs. Magee responded to the June 17 letter, rescheduling the telephonic conference for July 12, 2005, at 3 p.m.  Mrs. Magee also informed petitioner that the arguments in the June 17 letter were ones that courts had held to be frivolous and would not be considered by respondent's Appeals Office.  Mrs. Magee directed petitioner to "The Truth About Frivolous Tax Arguments" on the IRS Web site. In her letter, Mrs. Magee also explained that respondent's Appeals Office does not provide a face-to-face hearing if the only items a taxpayer wishes to discuss are frivolous arguments.

Petitioner replied by letter, again requesting a face-to-face hearing but not specifying any nonfrivolous issues to discuss.  Petitioner stated in the letter that he wished to discuss the underlying liabilities.

On July 12, 2005, Mrs. Magee attempted a telephonic conference with petitioner.  Petitioner indicated that he was speaking via a cell phone and said very little.  The call was cut off prematurely.  When Mrs. Magee attempted to call petitioner immediately thereafter, petitioner did not answer.  Mrs. Magee called three more times on July 12, 2005, and received no answer.

Mrs. Magee could not leave a message because petitioner did not have functioning voicemail.  Additionally, petitioner, who had Mrs. Magee's telephone number, did not contact her after their telephone call was cut off.

On August 3, 2005, respondent sent petitioner a Notice of Determination Concerning Collection Actions under Section 6320 and/or 6330.  On September 2, 2005, petitioner timely filed a petition with this Court.  In the petition, petitioner claims that he did not receive a collection due process hearing.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(a) and (b); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party.  Craig v. Commissioner, 119 T.C. 252, 260 (2002); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).  The party opposing summary judgment must set forth specific facts that show that a genuine question of material fact exists and may not rely merely on allegations or denials in the

pleadings.  <u>Grant Creek Water Works, Ltd. v. Commissioner</u>, 91 T.C. 322, 325 (1988); <u>Casanova Co. v. Commissioner</u>, 87 T.C. 214, 217 (1986).

Section 6320(a)(1) requires the Secretary to give persons liable to pay taxes written notice of the filing of a tax lien. Section 6320(a)(3)(B) and (b)(1) provides that the notice shall inform such persons of the right to request a hearing in respondent's Appeals Office.

Section 6320(c) provides that an Appeals Office hearing generally shall be conducted consistently with the procedures set forth in section 6330(c), (d), and (e).  The Appeals officer must verify at the hearing that the applicable laws and administrative procedures have been followed.  Sec. 6330(c)(1).  At the hearing, the person against whom the lien is filed may raise any relevant issues relating to the unpaid tax or the lien, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives.  Sec. 6330(c)(2)(A).  The person may challenge the existence or amount of the underlying tax, however, only if he did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Where the validity of the underlying tax is not properly in issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioner has not alleged that he did not receive the notices of deficiency. Petitioner had an opportunity to challenge the correctness of his tax liabilities for 2000 and 2001 by petitioning this Court from the notice of deficiency but failed to do so. Therefore, petitioner's underlying tax liabilities were not properly in issue. Accordingly, we review respondent's determination for an abuse of discretion.

Petitioner did not receive notices of deficiency for 1998 and 2002. Petitioner could have challenged the underlying liabilities for those years. However, section 6330(c)(2) allows the taxpayer to raise only "any relevant issue relating to the unpaid tax or the proposed levy", not "any" issue. Frivolous challenges to the underlying liability are not "relevant issues". Hathaway v. Commissioner, T.C. Memo. 2004-15.

In the instant case, the record indicates that the only issues petitioner raised throughout the section 6320

administrative process and in his petition to this Court were frivolous tax protester type arguments. We do not address petitioner's frivolous arguments with somber reasoning and copious citations of precedent, as to do so might suggest that these arguments possess some degree of colorable merit. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

To the extent petitioner complains of not receiving a face-to-face hearing, this Court has held that it is neither necessary nor productive to remand cases to an Appeals Office for face-to-face hearings when a taxpayer raises only frivolous arguments. Lunsford v. Commissioner, 117 T.C. 183, 189 (2001).

Petitioner was not current in filing his income tax returns, having failed to file for taxable years 1999, 2003, and 2004. Petitioner was not eligible for, nor did he submit, any collection alternatives.

We conclude that, although the telephonic conference terminated prematurely, petitioner did receive a hearing as required by sections 6320(b) and 6330(c)(3).[2] Mrs. Magee verified that all applicable laws and administrative procedures had been met, that she had not had any prior involvement with respect to petitioner's tax liability, and that the proposed collection activity was no more intrusive than necessary.

---

[2]Although petitioner's request for a hearing was pursuant to sec. 6320, sec. 6320(c) provides that sec. 6330(c) applies.

Accordingly, we hold that no genuine issue of material fact exists requiring trial and that respondent is entitled to summary judgment. Respondent's determination to proceed with the proposed lien to collect petitioner's tax liabilities for 1998, 2000, 2001, and 2002 was not an abuse of discretion.

Section 6673(a)(1) authorizes the Court to impose a penalty not in excess of $25,000 when it appears to the Court that, inter alia, proceedings have been instituted or maintained by the taxpayer primarily for delay or that the position of the taxpayer in such proceeding is frivolous or groundless. In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued a warning concerning the imposition of a penalty under section 6673(a)(1) on those taxpayers abusing the protections afforded by sections 6320 and 6330 through the bringing of dilatory or frivolous lien or levy actions. The Court has since repeatedly disposed of cases premised on arguments akin to those raised herein summarily and with imposition of the section 6673 penalty. See, e.g., Craig v. Commissioner, 119 T.C. at 264-265 (and cases cited therein).

Respondent has moved for the imposition of a section 6673 penalty in the instant case. Petitioner has raised only frivolous arguments, both before and after being warned about

the possibility of a section 6673 penalty and being directed to "The Truth About Frivolous Tax Arguments."  Accordingly, we shall impose a penalty of $1,000.

To reflect the foregoing,

<u>An appropriate order and decision will be entered.</u>