T.C. Memo. 2003-114

UNITED STATES TAX COURT

MICHAEL L. WIDNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18852-02L.                    Filed April 21, 2003.

Michael L. Widner, pro se.

<u>Rollin G. Thorley</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment and to impose a penalty under
section 6673[1] (respondent's motion).  We shall grant respondent's

---

[1]All section references are to the Internal Revenue Code in
effect at all relevant times.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

motion.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Las Vegas, Nevada, at the time he filed the petition in this case.

On or about April 15, 1999, petitioner filed a Federal income tax (tax) return for his taxable year 1998 (1998 return). In his 1998 return, petitioner reported total income of $51,162.71, total tax of $11,034, and claimed total credits against the total tax reported in that return not only for Federal income tax withheld but also for Social Security tax and Medicare tax withheld. As a result, petitioner claimed a refund of $927.16 in his 1998 return. Petitioner attached to his 1998 return two Forms W-2, Wage and Tax Statement, and Form 1099-MISC, Miscellaneous Income.

On April 15, 1999, respondent credited the $927.16 refund that petitioner claimed in his 1998 return against unpaid liabilities with respect to his taxable years 1992 and 1993.

On April 15, 1999, respondent reduced the total withholding credit that petitioner claimed in his 1998 return by $3,592, which respondent concluded was attributable to the Social Security tax and Medicare tax withheld that petitioner erroneously included in the total withholding credit claimed in that return.

On May 24, 1999, respondent assessed the tax that petitioner reported in his 1998 return.[2]  On September 17, 2001, respondent assessed an addition under section 6651(a)(2) to the unpaid portion of such tax and interest as provided by law.  (We shall refer to any such unpaid assessed amounts, as well as interest as provided by law accrued after September 17, 2001, as petitioner's unpaid liability for 1998.)

On September 17, 2001, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid liability for his taxable year 1998.

On April 8, 2002, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to his taxable year 1998. On or about April 28, 2002, in response to the notice of intent to levy, petitioner filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with

---

[2]On Oct. 19, 2001, respondent issued to petitioner a notice of deficiency (notice) with respect to his taxable year 1998.  In that notice, respondent determined a deficiency of $815 in petitioner's tax for that year.  Petitioner did not file a petition with the Court with respect to that notice.  On Apr. 29, 2002, respondent assessed the deficiency of $815 that respondent determined in the notice relating to petitioner's taxable year 1998.  That deficiency is not part of the collection action as determined in the notice of determination concerning the collection action for petitioner's taxable year 1998 upon which this case is based.  Respondent indicates in respondent's motion that if respondent proposes to collect the deficiency of $815 that respondent determined in the notice relating to petitioner's taxable year 1998, "Petitioner will be entitled to a separate CDP hearing" with respect to any such proposed collection action.

respondent's Appeals Office (Appeals Office).  In that form,

petitioner stated that he intended to make an audio recording of

his Appeals Office hearing.  Petitioner attached, inter alia, a

document to Form 12153 (petitioner's attachment to Form 12153)

that contained statements, contentions, arguments, and requests

that the Court finds to be frivolous and/or groundless.[3]

On September 12, 2002, respondent's Appeals officer (Appeals

officer) sent petitioner a letter (Appeals officer's September

12, 2002 letter).  That letter stated in pertinent part:

> I have scheduled the hearing you requested on this case
> for the date and time shown above [October 3, 2002].
> * * *
>
>    *       *       *       *       *       *
>
> As a final note, you should be aware that for many
> years the policy in Appeals was to allow tape or steno-
> graphic recordings of Appeals hearings.  Effective May
> 2, 2002, that policy changed.  Such recordings are no
> longer allowed.

On September 16, 2002, in response to the Appeals officer's

September 12, 2002 letter, petitioner sent the Appeals officer a

letter.  That letter stated in pertinent part:

> Thank you for scheduling my Collections Due Process
> Hearing.  Your letter states that you will not allow an
> audio or stenographic recording of the hearing.  I must
> ask you to cite your legal authority for not allowing

---

[3]Petitioner's attachment to Form 12153 contained statements, contentions, arguments, and requests that are very similar to the statements, contentions, arguments, and requests contained in the attachments to Forms 12153 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court.  See, e.g., Flathers v. Commissioner, T.C. Memo. 2003-60.

an accurate record of the hearing to be made by me. I received a copy of IRS Publication 1 (Your Rights as a taxpayer), which clearly states that I have a right to record such proceedings.

On October 3, 2002, the Appeals officer held an Appeals Office hearing with petitioner with respect to the notice of intent to levy. Cheryl Flathers (Ms. Flathers) accompanied petitioner to that hearing. Although petitioner and Ms. Flathers both knew that the Appeals Office no longer allowed audio recordings of Appeals Office hearings, petitioner and/or Ms. Flathers secretly made an audio recording of petitioner's Appeals Office hearing.[4] At the Appeals Office hearing, the Appeals officer gave petitioner Form 4340, Certificate of Assessments, Payments, and Other Specified Matters (Form 4340), with respect to petitioner's taxable year 1998.

On October 29, 2002, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination). An attachment to that notice stated in pertinent part:

**Verification of Legal and Procedural Requirements**

The requirements of all applicable laws and administrative procedures have been met:

The liabilities were assessed and notice and

---

[4]Ms. Flathers, who is no stranger to respondent's Appeals Office or the Court, made a secret recording of her own hearing that respondent's Appeals Office held with her pursuant to secs. 6320(b) and 6330(b) on May 16, 2002. Flathers v. Commissioner, supra.

demand letters were issued by regular mail to the taxpayer's last known address as required under I.R.C. 6303, demonstrated by the forms 4340 in the administrative file;

There was an assessed liability and a levy source determined by the Revenue Officer at the time the notice of intent to levy was issued to TP;

The notices required under I.R.C. 6330 were provided to TP on the dates shown above in relation to the levy notice, L-1058;

     *       *       *       *       *       *       *

Both certified transcripts, and non-literal transcripts were requested and reviewed by this A.O. Copies of the certified transcripts were provided to the taxpayer. Review of those documents and others in the administrative file show that (a) TP did not receive a notice of deficiency with respect to the underlying liability--it pertains to a math error correction of the withholding taxes he had claimed so one was not required; * * * (c) the tax to which the intent to levy related was assessed properly since no notice of deficiency was required; * * * (e) Notice and Demand was issued to TP's last known address; (f) TP failed to pay the amount requested; and, (g) the collection officer followed proper procedures in determinating a levy should be initiated.

     *       *       *       *       *       *       *

**Issues Raised by the Taxpayer**

In his appeal request, TP provided a lengthy document in which his interpretation of the law, his rights, and why he did not owe the tax was offered. The arguments are without substance and include many theories of the type described by the Courts as "frivolous." * * *

At the hearing, TP was provided many documents, including court cases from the Tax Court and Ninth Circuit Court of Appeals, sections of the I.R.C., statements from self proclaimed tax protestors, and others in which it was demonstrated that TP could be sanctioned for even carrying on with his arguments. He was then offered the opportunity to suggest payment alternatives and to argue the appropriateness of the collection action. He had nothing of substance to contribute. He

instead simply attempted to carry forward with his frivolous arguments, so the hearing was terminated.

*    *    *    *    *    *    *

**MY EVALUATION**

Review of the information stated above and now present in the administrative file shows the collection requirements for all applicable laws and administrative procedures have been met.  Assessments were performed and notice and demand was made.  The notice required by section 6330 of the I.R.C. was subsequently issued to TP, allowing him his appeal.

However, there is information to show that not all the assessments were proper.  Specifically, as indicated above the penalty under section 6651(a)(2) was added to the tax.  That penalty is for the failure to pay the tax shown on a return when filed. * * * Here, the appropriate penalty is actually that under section 6651(a)(3).  That penalty is for failure to pay the liability when **billed**. * * * the penalty assessed under [section] 6651(a)(2) should be removed at this time. * * *

**Balancing the Need for Efficient Collection with Taxpayer Concerns**

Given that no timely, reasonable alternative to the proposed levy action has been suggested and that TP has not presented anything more than frivolous arguments in the matter, it is my opinion that the proposed collection action balances the government's need for efficient collection with the taxpayer's concern that any collection action be no more intrusive than necessary. It is therefore concluded that the action should be allowed to continue.

Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  We

conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

A taxpayer may raise challenges to the existence or the amount of the taxpayer's underlying tax liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). Where the validity of the underlying tax liability is properly placed at issue, the Court will review the matter on a de novo basis. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Although petitioner did not receive a notice of deficiency with respect to peti-tioner's unpaid liability for 1998,[5] the Court finds the conten-tions and arguments which petitioner advanced at his Appeals Office hearing and advances in his response to respondent's motion (petitioner's response) and which challenge the existence or the amount of petitioner's unpaid liability for 1998 to be frivolous and/or groundless.[6]

We now turn to the remaining issues that petitioner raised at his Appeals Office hearing and in petitioner's response with

---

[5]See supra note 2.

[6]The types of contentions, arguments, and requests in peti-tioner's response are similar to the types of contentions, arguments, and requests set forth in responses by certain other taxpayers with cases in the Court to motions for summary judgment and to impose a penalty under sec. 6673 filed by the Commissioner of Internal Revenue in such other cases. See, e.g., Flathers v. Commissioner, T.C. Memo. 2003-60.

respect to the notice of determination, which we shall review for abuse of discretion. Sego v. Commissioner, supra; Goza v. Commissioner, supra. We find all those remaining issues to be frivolous and/or groundless.

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action with respect to petitioner's unpaid liability for 1998 except for the addition to tax under section 6651(a)(2) assessed for that year,[7] as determined in the notice of determination.

In respondent's motion, respondent requests that the Court require petitioner to pay a penalty to the United States pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposi-

---

[7]In the notice of determination, the Appeals Office determined that the assessment of the addition to tax under sec. 6651(a)(2) for petitioner's taxable year 1998 was improper and that respondent may not proceed with the proposed collection action with respect to that addition to tax.

tion of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.

In the instant case, petitioner advances, we believe primarily for delay, frivolous and/or groundless contentions, arguments, and requests, thereby causing the Court to waste its limited resources.  We shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $600.

We have considered all of petitioner's contentions, arguments, and requests that are not discussed herein, and we find them to be without merit and/or irrelevant.[8]

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's motion and decision will be entered for respondent</u>.

---

[8]In petitioner's response to respondent's motion, petitioner argues that the Appeals Office erred in denying him the opportunity to make an audio recording of his Appeals Office hearing held on Oct. 3, 2002.  The record establishes that petitioner and/or Ms. Flathers made an audio recording of petitioner's Appeals Office hearing, and we shall not address petitioner's argument about the Appeals Office's refusal to permit him to record that hearing.