United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-20466
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT M. BATTLE,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(4:05-MC-00520)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

For this *pro se* appeal from the district court's enforcement of two Internal Revenue Service summonses, Dr. Robert M. Battle asserts they were invalid and unenforceable. He also contends the district court exceeded its authority by holding him in civil contempt for *not* complying with the enforcement order.

Dr. Battle, a licensed physician, practices in Houston, Texas. In July 2005, the IRS served him summonses alleging: (1) for the taxable years 1994 through 1998, Dr. Battle filed invalid returns,

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as a result of which the IRS determined and assessed liabilities exceeding $600,000; and (2) for the taxable years 1999 through 2004, Dr. Battle failed to file any returns. Dr. Battle appeared in response to these summonses but failed to produce the required information.

The IRS petitioned the district court for enforcement of the summonses. A hearing was scheduled for 6 January 2006. Prior to the hearing, Dr. Battle filed a number of challenges to the validity of the summonses. At the hearing, Dr. Battle: (1) disputed the IRS' calculation of the assessed amounts for 1994 through 1998 and claimed he was in the process of preparing returns in support of that dispute; and (2) stated he was in the process of preparing returns for the years 1999 through 2004.

The district court ordered Dr. Battle to return on 20 January 2006 with an accountant or attorney to articulate his challenges to the summonses and provide the requested information. The court suggested that, as a good-faith measure, Dr. Battle pay 70% of the liabilities assessed against him. (Dr. Battle challenged the voluntary payment aspect of the order with a petition for writ of mandamus, asking our court to prohibit the district court from enforcing the order; the order was improperly filed and was *not* received by our court.)

On 20 January 2006, Dr. Battle appeared in district court with an accountant, but without any documentation related to the 1994-

1998 assessment. The district court entered an enforcement order and required Dr. Battle to appear later that day with the required documentation.

Upon returning that afternoon, Dr. Battle answered some questions regarding his tax status but still refused to produce any evidence responsive to the summonses. Instead, he asserted his rights under the Fifth Amendment, claiming he should not be forced to produce incriminating documents. The district court, in ruling the document production would *not* be incriminating, determined that Dr. Battle did *not* have a valid Fifth Amendment claim. The court held Dr. Battle in contempt of the enforcement order and ordered him in custody, until he produced documents responsive to the summons. On 23 January, Dr. Battle's associate produced the necessary documentation. As a result, the civil contempt order was vacated, and Dr. Battle was released.

The first issue to address is whether Dr. Battle's notice of appeal sufficiently shows he is appealing from the contempt *and* the enforcement orders. The somewhat erroneous notice of appeal indicates he is appealing both. **Smith v. Barry**, 502 U.S. 244, 248 ("While the requirements of Rule 3(c) are jurisdictional ... court's construe a notice of appeal liberally to avoid technical barriers to review); *see* FED. R. APP. P. 3(c)(4). Additionally, any technical error in the notice of appeal does not bar review of the claim because the Government has not shown it was "prejudiced or

3

misled by the mistake".  ***Morin v. Moore***, 309 F.3d 316, 321 (5th Cir. 2002) (internal citations omitted).

Section 7602 of the Internal Revenue Code authorizes the IRS to summon an individual or third party to testify and produce documents relevant to an inquiry regarding tax liability.  26 U.S.C. § 7602.  Should the taxpayer or third party refuse to produce the required information, the IRS may petition the district court to compel compliance with the summons.  26 U.S.C. § 7402(a) & (b).  In order to obtain enforcement of an administrative summons, the IRS must satisfy the requirements in ***United States v. Powell***, 379 U.S. 48, 57-58 (1964):  (1) the investigation is being conducted for a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the requested information is not within the IRS' possession; and (4) the administrative steps required by the Internal Revenue Code have been followed.  Based on our review of the record, the IRS has done so.  Accordingly, the burden shifts to Dr. Battle:  (1) to show the Government has failed to meet its burden under ***Powell***; (2) to assert and prove that enforcement would constitute an abuse of the court's process; or (3) to show any other appropriate ground under which the summons should not be enforced.  *See* ***United States v. Huckaby***, 776 F.2d 564, 567 (5th Cir.) (internal citations and quotations omitted), *cert. denied*, 475 U.S. 1085 (1986).

Dr. Battle makes a number of challenges to the enforcement order.  First, Dr. Battle asserts the issuance of the summonses were *not* for a legitimate purpose because they were issued solely for the purpose of gathering evidence for a criminal prosecution. "The burden of proving that the IRS, as an institution, has abandoned any pursuit of [a] taxpayer's civil tax liability, is a heavy one, requiring the taxpayer to prove an extraordinary departure from IRS' established procedure." *Miami Springs*, 655 F.2d at 665. (internal citations and quotations omitted).  Dr. Battle offers no evidence in support of his claim;  instead, he was told repeatedly throughout the proceedings that he was not the target of any criminal investigation.  His bald assertions, without more, are not sufficient.

Second, Dr. Battle challenges the validity of the assessments the Government is attempting to collect.  Specifically he claims the summonses are void because the Government:  (1) has not produced evidence of any income tax due; (2) has failed to produce evidence of an existing tax liability; and (3) did not adequately notify him of the assessments for years 1994 through 1998.  A summons-enforcement action is not the appropriate forum for challenging the validity of an assessment. *See **United States v. Harper***, 662 F.2d 335, 336 (5th Cir. 1981).  Instead, in an enforcement proceeding, the Government need only show that the ***Powell*** factors have been met. ***Id.***  As noted, the Government has

5

satisfied that burden. Therefore, Dr. Battle's challenges to the assessments underlying the summonses fail.

Third, Dr. Battle claims that he was not afforded an administrative hearing before the summonses were issued, rendering them premature. Though appropriate in some circumstances, a taxpayers right to such a hearing is not absolute. *See United States v. Harris*, 628 F.2d 875, 879 (5th Cir. 1980). To obtain the hearing, a taxpayer must show "in a substantial way the existence of substantial deficiencies in the summons proceedings." *Id.* (internal citations omitted). Dr. Battle failed to do so.

Fourth, Dr. Battle asserts that the IRS did not follow proper internal procedures. Specifically, he complains the IRS: (1) did not to comply with the Privacy Act of 1974; (2) engaged in taxpayer harassment, in contravention of 26 U.S.C. § 6304, the fair tax collection practices section of the Internal Revenue Code; and (3) failed to respond to his numerous correspondences. None of Dr. Battle's claims bar the enforcement action. Contrary to his assertions, compliance with the Privacy Act is not a prerequisite to issuance of an IRS summons. *See United States v. McAnlis*, 721 F.2d 334, 336 (11th Cir.), *cert. denied*, 467 U.S. 1227 (1984). In addition, a review of the record shows the Government did not engage in any harassment or abusive behavior. Finally, Dr. Battle does not provide any details about correspondences to which the Government allegedly failed to respond, nor does he provide any

6

legal basis why such actions should bar his enforcement action. *See generally*, **Powell**, 379 U.S. at 55-57 (detailing the requirements for an enforcement action).

Next, Dr. Battle asserts the Government failed to allow a collection due-process hearing regarding the assessed liabilities, as required by 26 U.S.C. §§ 6330(b) and 6320(b). As the Government notes, however, Dr. Battle told the district court a due-process hearing was already set for February 2006. The fact that the hearing had yet to have taken place at the time the district court ordered the enforcement action does not bar the order.

Finally, Dr. Battle asserts the order holding him in civil contempt and serving a *subpoena duces tecum* on Jane Clifford was in violation of his Fifth Amendment rights protecting against the compelled production of records. Dr. Battle failed to brief this claim, and therefore, has effectively abandoned it. *See* **Yohey v. Collins**, 985 F.2d 222, 224-25 (5th Cir. 1993).

*AFFIRMED*

7