T.C. Memo. 2009-171

UNITED STATES TAX COURT

ROBERT M. BATTLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5016-08L.                    Filed July 20, 2009.

Robert M. Battle, pro se.

<u>Gordon P. Sanz</u>, for respondent.

MEMORANDUM OPINION

HAINES, <u>Judge</u>:  This matter is before the Court on
respondent's motion for summary judgment and to impose a penalty
under section 6673 and petitioner's motion for judgment on the
pleadings.  Respondent made the determination to proceed to
collect by lien petitioner's outstanding income tax liabilities
for 1999, 2000, 2001, 2002, 2003, 2004, and 2005 (years at
issue).  Respondent also made the decision to collect by levy

petitioner's outstanding income tax liabilities for 2003, 2004, and 2005.  Petitioner, under section 6330, seeks review of respondent's determinations.[1]

The parties' controversy poses the following issues for our consideration:  (1) Whether respondent abused his discretion in determining to proceed with collection; and (2) whether petitioner is liable for the penalty under section 6673.

### Background

Petitioner is a licensed physician.  At the time he filed the petition, he resided in Texas.

On July 7, 2005, the Internal Revenue Service (IRS) issued summonses to petitioner individually and as trustee of HSH Investments, KTW Group, KTW Investments, and KTW Consultants.[2] Two of the summonses were issued because of petitioner's failure to file his individual income tax returns for the years 1999, 2000, 2001, 2002, 2003, and 2004.  Upon petitioner's failure to comply, the U.S. filed a petition to enforce the IRS summonses in the U.S. District Court for the Southern District of Texas, Houston Division (District Court).  United States v. Battle, No. 4:05-MC-00520 (S.D. Tex. Jan. 23, 2006) (order to enforce

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code. Amounts are rounded to the nearest dollar.

[2]KTW Consultants and HSH Investments were parties previously before this Court and petitioner acted as trustee in KTW Consultants Trust, v. Commissioner, docket No. 19493-06 (May 2, 2007).

summonses), affd. 213 Fed. Appx. 307 (5th Cir. 2007).  After the court issued an order of coercive contempt ordering petitioner to be held in the marshal's custody until he disclosed the documents sought by the summonses, petitioner released the requested data and subsequently filed a notice of appeal.  Petitioner then filed an opening brief for appellant in the U.S. Court of Appeals for the Fifth Circuit, raising many of the same issues he raised later at the section 6330 hearing and now asks this Court to consider.  However, the Court of Appeals affirmed the judgment of the District Court.  United States v. Battle, 213 Fed. Appx. 307 (5th Cir. 2007).

In 2006 petitioner filed Forms 1040, U.S. Individual Income Tax Return, for all the years at issue but did not pay the reported tax.  The amounts reported on petitioner's delinquent returns were assessed along with additions to tax and interest. On March 27, 2006, respondent sent petitioner a statutory notice of balance due for 2003 and 2004.  On April 3, 2006, respondent sent petitioner a statutory notice of balance due for 1999, 2000, 2001, and 2002.  On December 11, 2006, respondent sent petitioner a statutory notice of balance due for 2005.

On May 18, 2007, respondent sent petitioner a Letter 1058, Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy), with respect to petitioner's unpaid 2003, 2004, and 2005 tax liabilities. On May 25, 2007, respondent sent petitioner a Letter 3172, Notice of

Federal Tax Lien Filing and Your Right to a Hearing Under Section 6320 (notice of Federal tax lien), with respect to petitioner's unpaid tax liabilities for all the years at issue.

On June 13, 2007, in response to the notice of intent to levy, petitioner mailed a request for a hearing with respect to the years 2003, 2004, and 2005. On June 19, 2007, in response to the notice of Federal tax lien filing, petitioner mailed a request for a hearing with respect to all the years at issue. On August 8, 2007, respondent's Appeals Office informed petitioner it had received the request for a hearing and provided information relating to the collection due process procedure.

On September 7, 2007, Appeals Officer Bart A. Hill (Mr. Hill) informed petitioner of the hearing procedures and encouraged petitioner to visit the IRS Web Site "The Truth About Frivolous Tax Arguments" and to review the list of frivolous and groundless arguments. Mr. Hill requested that petitioner, within 14 days, describe the legitimate issues he wanted to discuss and scheduled a telephone conference for October 29, 2007, at 10 a.m. Mr. Hill referred petitioner to Pierson v. Commissioner, 115 T.C. 576 (2000), and mailed petitioner copies of the following documents: Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; Form 433-B, Collection Information Statement for Businesses; transcripts for the years at issue; Publication 2105, Why Do I Have to Pay Taxes?; and Publication 4165, Introduction to Collection Due Process

Hearings.  Petitioner responded on November 13, 2007, by stating his objections and requesting Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, which Mr. Hill sent to petitioner on January 8, 2008.

Mr. Hill conducted the hearing with petitioner on November 14, 2007.  Petitioner failed to submit a completed Form 433-A or Form 433-B, or to discuss any collection alternative during the hearing.  Consequently, on January 31, 2008, respondent's Appeals Office issued a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (notice of determination) which stated:

> The IRS followed proper procedures in filing the tax lien.  The lien filing was necessary to protect the government's interest in the taxpayer's assets.

> The taxpayer would not abandon his frivolous theories of taxation during this appeal.  The taxpayer's failure to furnish a financial statement bars Appeals from exploring whether a less intrusive collection alternative, such as an installment agreement or offer in compromise, might have been appropriate.  The proposed levy action, although intrusive, is necessary to collect the valid, unpaid tax liability.  It is the determination of Appeals that the proposed levy action balances the need for efficient collection of taxes with the taxpayer's legitimate concern the action is no more intrusive than necessary.

On February 27, 2008, petitioner filed a petition with the Court.  On February 2, 2009, respondent filed a motion for summary judgment seeking a decision that collection can proceed and to impose a penalty pursuant to section 6673.  On February 10, 2009, petitioner filed a motion for judgment on the

pleadings, and on February 17, 2009, filed a response to respondent's motion for summary judgment.

## Discussion

A decision granting summary judgment may be rendered if the pleadings and other materials in the record show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. & Subs. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We have considered the pleadings and other materials in the record and conclude that there is no genuine issue of any material fact and that a decision may be rendered as a matter of law.

## I.  The Collection Action

Section 6321(a) provides that if any person liable to pay any tax neglects or refuses to pay after demand, the Secretary can collect such tax by placing a lien on the person's property or rights to property. Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to do so within 10 days after notice and demand, the Secretary can collect such tax by levy upon property belonging to such person. However, the Secretary is required to give the taxpayer written notice of his intent to file a lien or to levy and must describe the administrative review available to the taxpayer before proceeding. Secs. 6320(a), 6330(a).

Section 6330(b) describes the administrative review process, providing that a taxpayer can request a hearing with the Appeals office with regard to a levy notice.  At the hearing the taxpayer may raise certain matters set forth in section 6330(c)(2), which include appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives.  Further, a taxpayer may dispute the underlying tax liability for any tax period if the taxpayer did not receive a notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).  Frivolous arguments, however, are not relevant issues in a hearing.  Pierson v. Commissioner, supra.  "A taxpayer's position is frivolous or groundless if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Smith v. Commissioner, T.C. Memo. 2000-290.

Following a hearing, the Appeals Office must make a determination whether the proposed lien or levy action may proceed.  In so doing, the Appeals office is required to take into consideration the verification presented by the Secretary that the requirements of applicable law and administrative procedure have been met, the issues raised by the taxpayer, and whether the proposed levy action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed collection action.

Sec. 6330(c)(3).  In complying with section 6330, an Appeals officer may rely on a computer transcript or Form 4340 to verify that a valid assessment was made and that a notice and demand for payment was sent to the taxpayer in accordance with section 6303. Nestor v. Commissioner, 118 T.C. 162, 166 (2002).  Absent a showing of irregularity, a transcript that shows such information is sufficient to establish that the procedural requirements of section 6330 have been met.  Id. at 166-167.

Pursuant to section 6330(d)(1), within 30 days of the issuance of the notice of determination, the taxpayer may appeal that determination to this Court.  Although section 6330 does not prescribe the standard of review that we are to apply in reviewing the Commissioner's administrative determinations, we have stated that, where the validity of the underlying tax liability is properly at issue, we will review the matter de novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where the validity of the underlying tax liability is not properly at issue, however, we will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182.

Petitioner, during his hearing, asserted the same groundless and frivolous arguments as he did in his later petition and failed to raise any issues relating to the underlying liability. By not raising any issues with respect to the amount of the

underlying liabilities with Appeals, petitioner waived his right to challenge the underlying liability in this proceeding. See Giamelli v. Commissioner, 129 T.C. 107 (2007); Magana v. Commissioner, 118 T.C. 488 (2002). Consequently, the validity of the underlying tax liabilities is not at issue. See, e.g., Hathaway v. Commissioner, T.C. Memo. 2004-15; Horton v. Commissioner, T.C. Memo. 2003-197; Kemper v. Commissioner, T.C. Memo. 2003-195; Widner v. Commissioner, T.C. Memo. 2003-114.

The undisputed facts set forth in respondent's motion, declarations in support of the motion, and attached exhibits establish that respondent has satisfied the requirements of section 6330. Mr. Hill, who had no prior involvement with respect to the unpaid taxes before the section 6330 hearing and thus met the requirement of section 6330(b)(3), verified that proper assessments were made as reflected on computer transcripts attached to the motion for summary judgment and in the notice of determination and that the requisite notices had been sent to petitioner. Mr. Hill also considered petitioner's arguments and rejected them as frivolous and irrelevant. Following the hearing, Mr. Hill upheld the lien and levy actions, concluding that they appropriately balanced the need for efficient collection of taxes with petitioner's concerns regarding the intrusiveness of those actions. See sec. 6330(c)(3).

Upon receiving Mr. Hill's decision, petitioner filed a petition asserting the following arguments in support of his

contention that respondent's determinations were erroneous: (1) A "legal and proper" notice of deficiency was not issued to petitioner for the years at issue; (2) respondent failed to legally and properly assess the income tax of petitioner; (3) respondent did not timely assess the taxes; (4) respondent failed to prepare and execute a Form 4340 during the 3-year period following the filing of petitioner's returns; (5) respondent did not provide a legal and proper 60-day notice that petitioner was liable for any tax assessments; (6) the District Court's order on January 23, 2006, enforced only two of eight summonses; (7) the subpoena issued by the District Court was improper because of a lack of jurisdiction; and (8) the Special Assistant U.S. Attorney Scott Shieldes, who represented the Government in petitioner's summons case, refused to receive a duress and protest notice and receipt.

A.   Notice of Deficiency, Assessment, and Statute of Limitations

Petitioner contends in his first two arguments that the IRS cannot assess the tax shown on the Forms 1040 he submitted without first issuing a notice of deficiency. With respect to the third argument, it is unclear whether petitioner refers to the statute of limitations regarding assessment or the statute of limitations regarding collection, both of which are addressed below.

Following a summons enforcement proceeding, petitioner submitted signed Forms 1040 for the years at issue but failed to

date them. However, the Forms 1040 from 1999 through 2004 were signed by petitioner's return preparer and dated February 9, 2006. The 2005 Form 1040 was signed and dated by petitioner's return preparer on October 16, 2006.

Section 6201 authorizes the Secretary to assess all taxes reported by a taxpayer on his return. Richmond v. Commissioner, T.C. Memo. 2005-238. "A deficiency notice is not required to assess taxes where there is no deficiency. For example, the Secretary may assess without a deficiency notice the amount of tax shown due on a return." Manko v. Commissioner, 126 T.C. 195, 200 n.2 (2006). Petitioner submitted Forms 1040 for the years at issue reflecting the tax due. There is no statutory provision under section 6201 which requires the Commissioner to issue a notice of deficiency with respect to a return before assessing the amount reported on that return.

In regard to the statute of limitations on assessment, section 6501 generally requires that the Commissioner assess income tax within 3 years after the taxpayer files a return. Wagenknecht v. Commissioner, T.C. Memo. 2008-179; Martin v. Commissioner, T.C. Memo. 2003-288, affd. 436 F.3d 1216 (10th Cir. 2006). Petitioner filed all returns in 2006, and the Forms 4340 reflect that the IRS assessed the amounts petitioner reported on the Forms 1040 within the same year, thus meeting the 3-year statute of limitations. In regard to collection of assessed Federal income tax, the period of limitations begins on the date

taxes are assessed and ends 10 years thereafter.  See sec.
6502(a)(1); Severo v. Commissioner, 129 T.C. 160, 168 (2007).
The taxes for the years at issue were assessed during 2006, and
the collection notices were sent to petitioner in 2007, well
within the 10-year period of limitations found in section 6502.

B.    Forms 4340

Federal tax assessments are formally recorded on a record of
assessment.  Sec. 6203.  The summary record of assessment must
"provide identification of the taxpayer, the character of the
liability assessed, the taxable period, if applicable, and the
amount of the assessment."  Sec. 301.6203-1, Proced. & Admin.
Regs.  Mr. Hill reviewed respondent's transcripts of account and
determined that respondent had properly assessed petitioner's tax
liabilities.

In response to a taxpayer's request under section 6203 and
the regulation for "a copy of the record of assessment," the
Commissioner is not required to provide any particular form or
document and may choose among documents so long as the form used
identifies the taxpayer, states the character of the liabilities
assessed, the tax period giving rise to the assessment, the
amount of the assessment, and the date of assessment.  Sec.
301.6203-1, Proced. & Admin. Regs; see also Roberts v.
Commissioner, 329 F.3d 1224, 1228 (11th Cir. 2003), affg. 118
T.C. 365 (2002).  Furthermore, section 6330(c)(1) does not
mandate that the Appeals officer rely on a particular document in

satisfying the verification requirement or that the Appeals officer actually give the taxpayer a copy of the verification upon which he or she relied.  Craig v. Commissioner, 119 T.C. 252, 262 (2002); Nestor v. Commissioner, 118 at 166.

Mr. Hill provided petitioner with Forms 4340 for the years at issue.  We have specifically held in Nestor v. Commissioner, supra at 166, that it is not an abuse of discretion for an Appeals officer, in complying with section 6330(c)(1), to rely on Form 4340 or a computer transcript of account.  Schroeder v. Commissioner, T.C. Memo. 2002-190; Mann v. Commissioner, T.C. Memo. 2002-48.  Furthermore, a Form 4340 constitutes presumptive evidence that a tax has been validly assessed pursuant to section 6203.  Davis v. Commissioner, 115 T.C. 35, 40 (2000).  Because petitioner failed to show some irregularity in the assessment procedure that would raise a question regarding its validity, we conclude that the Forms 4340 reflecting that tax liabilities were assessed and remain unpaid are sufficient to support a collection action under sections 6320 and 6330.  Davis v. Commissioner, supra at 40-41.

Petitioner also argues that a Form 4340 must be prepared within 3 years from the filing of a tax return.  However, a Form 4340 is simply a literal transcript, generated on a specific date, containing tax data from an IRS master file associated with a particular taxpayer.  Hazel v. Commissioner, T.C. Memo. 2008-134; Bowman v. Commissioner, T.C. Memo. 2007-114, affd. 285 Fed.

Appx. 309 (8th Cir. 2008); see also Armstrong v. Commissioner, T.C. Memo. 2002-224. There is no rule requiring that a Form 4340 be prepared within 3 years from the filing of a return.

C.    Notice and Demand

Petitioner's fifth claim is that the IRS failed to give him "legal and proper" 60-day notice that he was liable for the unpaid tax for the tax years at issue. Section 6303(a) requires that petitioner be given notice and demand for payment within 60 days of the making of an assessment. A Form 4340, which petitioner received, is presumptive evidence that a tax has been validly assessed. Davis v. Commissioner, supra at 40. Furthermore, the Forms 4340 for the years at issue show that the IRS sent petitioner a notice of balance due, which constitutes a notice and demand for payment as required by section 6303, for each of the years involved. Craig v. Commissioner, supra at 262-263; Coleman v. Commissioner, T.C. Memo. 2002-132. Proof that notice and demand was issued to petitioner's last known address is sufficient to satisfy the requirements of section 6303, and there is no requirement that respondent prove receipt of such notice. United States v. Chila, 871 F.2d 1015, 1019 (11th Cir. 1989); Pursifull v. United States, 849 F. Supp. 597, 601 (S.D. Ohio 1993), affd. 19 F.3d 19 (6th Cir. 1994). As petitioner has failed to present any evidence that the notice and demand was not issued as reflected on the Forms 4340 and has failed to show error or irregularity in the Forms 4340 with respect to the

issuance of a statutory notice of balance due, we hold that proper notice was received and this argument is without merit.

D.   Summonses, Subpoena, and Duress and Protest Notice

The issues raised relate to the IRS summonses, a subpoena, and an alleged refusal by the special assistant U.S. attorney to accept a "Duress and Protest Notice and Receipt."  The first two issues were raised in and addressed by the Court of Appeals for the Fifth Circuit.  See United States v. Battle, 213 Fed. Appx. 307 (5th Cir. 2007).  Under section 6330(c)(2), a taxpayer may raise any "relevant" issue which relates to the unpaid tax.  However, frivolous arguments are not relevant issues in a section 6330 hearing.  Pierson v. Commissioner, 115 T.C. 576 (2000).  The issues regarding the summonses, subpoena, and "duress and protest notice" are immaterial and do not relate to this hearing, nor are they relevant issues which may be raised under section 6330(c)(2).

In addition, petitioner is precluded, pursuant to section 6330(c)(4), from raising the first two of these issues before the Appeals officer and this Court.  Section 6330(c)(4) expressly provides that taxpayers, at collection hearings before the Commissioner's Appeals office, may not raise issues that were previously raised by taxpayers and considered in any other administrative or judicial proceeding in which the taxpayers meaningfully participated.  See secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs.; Magana v. Commissioner, 118 T.C.

488 (2002); <u>Richmond v. Commissioner</u>, T.C. Memo. 2008-59; <u>Wooten v. Commissioner</u>, T.C. Memo. 2003-113. These statutory and regulatory prohibitions are directly applicable to the summons and subpoena issues that petitioner previously litigated in <u>United States v. Battle</u>, <u>supra</u>. Accordingly, we conclude that petitioner is precluded from raising these issues in this proceeding.

The last issue petitioner raises is the alleged refusal by the special assistant U.S. attorney of accepting a "Duress and Protest Notice and Receipt." We are unaware of any statute which requires that a special assistant U.S. attorney accept such a document or any statute authorizing such a document.

E.    <u>Abuse of Discretion and Verification</u>

Where the validity of the underlying tax liability is not at issue, the Court will review the determination of the Appeals officer for abuse of discretion. <u>Sego v. Commissioner</u>, 114 T.C. at 610; <u>Goza v. Commissioner</u>, 114 T.C. at 181-182. Nonliability determinations include Appeals' determination of the appropriateness of the collection action as well as a determination as to matters involving collection alternatives such as an installment agreement or offer-in-compromise. See sec. 6330(c)(2)(A). Under an abuse of discretion standard, the Court must determine whether the Appeal officer's exercise of discretion was arbitrary, capricious, or without sound basis in

law or fact.  Woodral v. Commissioner, 112 T.C. 19, 23 (1999)

(citing Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988)).

Pursuant to section 6330(c)(3), the determination of an

Appeals officer as to a proposed collection action must take into

consideration:  (1) The verification that the requirements of

applicable law and administrative procedures have been met; (2)

the issues raised by the taxpayer; and (3) "whether any proposed

collection action balances the need for the efficient collection

of taxes with the legitimate concern of the [taxpayer] that any

collection action be no more intrusive than necessary."  As

stated in the notice of determination, and as shown by the

record, Mr. Hill considered all three of these matters.

As part of the hearing process, the Appeals officer must

"obtain verification from the Secretary that the requirements of

any applicable law or administrative procedure have been met."

Sec. 6330(c)(1).  Nonetheless, the Code does not require the

Appeals officer in a hearing to rely on a particular document or

to provide the taxpayer copies of the documents the Appeals

officer obtained or reviewed to verify that the requirements of

any applicable law or administrative procedure were met.  The

notice of determination and the record demonstrate that Mr. Hill

complied with section 6330(c)(3) by reviewing the administrative

files and account transcripts and verifying that all legal and

procedural requirements had been met.  Furthermore, Mr. Hill

addressed the relevant issues raised by petitioner and did not

abuse his discretion.  See Craig v. Commissioner, 119 at 261-262; Nestor v. Commissioner, 118 T.C. at 166.

II.  Penalty Pursuant to Section 6673

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay a penalty, not to exceed $25,000, if it appears that the taxpayer has instituted or maintained a proceeding primarily for delay, or that the taxpayer's position is frivolous or groundless.  Section 6673(a)(1) applies to proceedings under section 6330.  Pierson v. Commissioner, supra at 581.  In proceedings under section 6330, we have imposed the penalty on taxpayers who have raised frivolous and groundless arguments with respect to the legality of the Federal tax laws.  See, e.g., Roberts v. Commissioner, 118 T.C. at 372-373; Eiselstein v. Commissioner, T.C. Memo. 2003-22; Yacksyzn v. Commissioner, T.C. Memo. 2002-99.

The record clearly establishes that the only arguments petitioner made during the administrative processing of this case were frivolous and/or groundless.  Moreover, petitioner is aware of the frivolity of his arguments, as evidenced by a letter petitioner provided to Special Assistant U.S. Attorney Shieldes on February 7, 2006, which explains that petitioner was misled by various tax patriot or protest groups that openly challenge the income tax system.

Furthermore, petitioner raised these same frivolous arguments in a prior action before this Court.[3]  In our order and decision entered May 2, 2007 in that action, we "[concluded] that imposition of the [section 6673] penalty [was] not appropriate, but we [cautioned] petitioners against raising frivolous contentions in the future."  Petitioner received from the Appeals officer Publication 2105 and was warned that any further pursuit of these arguments could result in penalties under section 6673.  In spite of these warnings, petitioner has continued to raise issues which the Court has found to be frivolous, groundless, or lacking in merit.

Petitioner's conduct demonstrates that this proceeding was instituted and maintained primarily for delay.  Moreover, every argument made by petitioner during the administrative appeal and in this Court was frivolous and/or groundless.  Consequently, we find that a penalty under section 6673(a)(1) is warranted.  On the basis of the above, we shall impose a penalty on petitioner pursuant to section 6673(a)(1) of $20,000.

---

[3]Petitioner presented many of the same arguments in KTW Consultants Trust v. Commissioner, docket No. 19493-06.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered granting respondent's motion for summary judgment and for a penalty and denying petitioner's motion for judgment on the pleadings.