T.C. Memo. 2018-205

UNITED STATES TAX COURT

CONRAD PRENTISS BURNETT, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7767-17L.                    Filed December 18, 2018.

Conrad Prentiss Burnett, Jr., pro se.

<u>Robert J. Braxton</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  This matter is before the Court on respondent's motion

for summary judgment filed pursuant to Rule 121.[1]  On July 13, 2018, the Court

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

[*2] filed respondent's motion for summary judgment. On August 20, 2018, the Court filed petitioner's notice of objection to motion for summary judgment.

Background

The following facts are based on the parties' pleadings, respondent's motion, and petitioner's opposition, including the attached affidavits and exhibits. Petitioner resided in Virginia at the time the petition was filed. For taxable year 2005 petitioner did not file a Federal income tax return, and respondent prepared a substitute for return for him. On September 17, 2010, respondent sent petitioner a notice of deficiency for 2005. Petitioner did not petition the Tax Court with respect to that notice. On or around February 14, 2011, respondent assessed the deficiency, along with additions to tax and interest for the 2005 taxable year. On April 25, 2016, respondent issued a Notice CP92, Seizure of Your State Tax Refund and Notice of Your Right to a Hearing (levy notice), informing petitioner that respondent had seized $1,175 of his State tax refund and applied it towards his 2005 unpaid tax liability. The letter further advised petitioner that he had the right to a collection due process (CDP) hearing.

---

[1](...continued)
Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]**   On May 23, 2016, petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing.  In a document attached to the Form 12153, petitioner stated that: (1) he is not subject to Federal income tax because there is nothing in the Internal Revenue Code that makes him liable; (2) he did not receive a "notice and demand" for the 2005 tax liability; (3) he did not receive a levy notice before collection; and (4) the levy notice he received was not signed and did not apply to his property.

On July 15, 2016, respondent sent petitioner a letter acknowledging receipt of the request for a CDP hearing.  On August 8, 2016, petitioner sent respondent a letter requesting a face-to-face CDP hearing and stating that respondent's request for tax returns for years other than 2005 was "absolutely irrelevant" and requested information and authority that allows respondent to request unfiled tax returns for "uninvolved tax years" and to levy upon his property before a CDP hearing.  Petitioner also asserted a number of common tax-protester arguments and stated that he would record any telephone calls with respondent.

In response, respondent sent petitioner a letter dated September 29, 2016, advising him that one or more issues raised in the CDP request are deemed frivolous and would thus disqualify him for a face-to-face CDP hearing; however, he would be allowed a face-to-face CDP hearing if he withdrew any frivolous

[*4] issues in writing within 30 days.  Respondent informed petitioner after review of the record that the tax returns requested for tax years other than 2005 were listed on the notice which provided him with his CDP rights and were also listed on his Form 12153.  Finally, respondent informed petitioner that recording a CDP hearing was allowed only for in-person hearings, and he also provided petitioner with the statutory authority under section 6330(f) that allows respondent to levy upon a State income tax refund before a CDP hearing.

On October 11, 2016, petitioner sent respondent a letter requesting a CDP hearing by correspondence.  In the letter petitioner repeated generally the same tax-protester arguments, including that his property is not subject to levy because he is not a Federal employee and that only property already in respondent's possession is subject to levy or seizure.  He further requested that respondent address the statutes, legal issues and facts of the case.  On October 26, 2016, Settlement Officer Dunnington (SO Dunnington) sent petitioner a Letter 3846, Appeals Received Your Request for a Collection Due Process Hearing, informing him that a telephone CDP hearing was scheduled for November 29, 2016.  The letter further requested that petitioner provide a copy of his signed tax return for 2005 for audit reconsideration, a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, a signed tax return

[*5] for taxable year 2012, and any reasons why he should be allowed to dispute the underlying liability for taxable year 2005. Finally, SO Dunnington warned petitioner that if he continued to maintain a frivolous or groundless position he could be subject to a penalty up to $25,000 by the Court pursuant to section 6673.

On November 9, 2016, petitioner sent a second letter requesting a face-to-face CDP hearing stating his due process rights entitled him to a face-to-face hearing and that a telephone hearing was not acceptable. Petitioner included a Notice of Violation of the Statute of Limitations for Tax Collection Under Title 26 U.S.C. § 6502, which contained the same tax-protester arguments he had made in his previous documents and correspondence, and he claimed that respondent could not collect his 2005 tax liability because the period of limitations had expired.

On November 30, 2016, SO Dunnington replied by letter acknowledging that petitioner requested to have his CDP hearing via correspondence. She responded to several of petitioner's frivolous arguments. She warned him that the Court could impose a penalty up to $25,000 if he continued to make arguments that have been deemed frivolous. She again requested that he provide her with an original and signed copy of his delinquent tax return for 2005, the Form 433-A, and other financial information.

**[*6]** Petitioner did not provide SO Dunnington with a signed tax return for 2005 or any other taxable year and did not submit any collection information or other documentation. Consequently, respondent issued petitioner a notice of determination, sustaining the levy notice and seizure of petitioner's State income tax refund on the basis that the notice was appropriate and balanced the need for the efficient collection of taxes with petitioner's legitimate concern that any collection action be no more intrusive than necessary. The notice of determination further stated that the Appeals Office was unable to grant petitioner's request for a face-to-face hearing or consider an alternative to collection because: (1) petitioner had failed to provide his original return for taxable year 2005 for audit reconsideration; (2) petitioner was not currently in compliance with filing returns and paying his taxes; and (3) petitioner had failed to provide the requested financial information.

Petitioner timely filed a petition with this Court challenging the determination notice, which generally repeated the same common tax-protester arguments he had made during the administrative proceedings.

## Discussion

Litigants may move for summary judgment on all or any part of the legal issues in controversy. Rule 121(a). Summary judgment may be granted if there is

**[\*7]** no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b). Factual inferences are viewed in the light most favorable to the nonmoving party, and the moving party bears the burden of proving that there is no genuine issue of material fact. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The party opposing summary judgment must set forth specific facts which show that a genuine dispute as to a material fact exists and may not rely merely on allegations or denials in the pleadings. Rule 121(d); see Sundstrand Corp. v. Commissioner, 98 T.C. at 520.

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer who fails to pay taxes within 10 days after notice and demand for payment. Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to unpaid tax only if the Secretary has given written notice to the taxpayer 30 days before the levy. Section 6330(a) requires the Secretary to send a written notice to the taxpayer of the amount of unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before the levy has begun.

Petitioner has repeatedly complained regarding the appropriateness of collection actions with respect to his State tax refund. First, he argues that he did

[*8] not receive proper "notice and demand" in that he was not given an opportunity for a CDP hearing before the levy.  However, section 6330(f)(2) expressly provides an exception to the notice before levy requirement where "the Secretary has served a levy on a State to collect a Federal tax liability from a State tax refund".

Second, petitioner argues that he is entitled to a face-to-face CDP hearing. Collection due process hearings are informal, may consist of one or more oral or written communications between a settlement officer and the taxpayer, and do not require the settlement officer and the taxpayer to have a face-to-face conference. See sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.  This Court has consistently held that a face-to-face CDP hearing is not required pursuant to section 6320 or 6330 and a proper CDP hearing may occur by telephone or by correspondence under certain circumstances.  See Giamelli v. Commissioner, 129 T.C. 107, 111-112 (2007); Katz v. Commissioner, 115 T.C. 329 (2000); Toth v. Commissioner, T.C. Memo. 2010-227; Huntress v. Commissioner, T.C. Memo. 2009-161; Moline v. Commissioner, T.C. Memo. 2009-110, aff'd, 363 F. App'x 675 (10th Cir. 2010).

If a CDP hearing is requested, the taxpayer may raise at the hearing "any relevant issue relating to the unpaid tax or the proposed levy".  Sec.

**[\*9]** 6330(c)(2)(A).  The taxpayer may also raise challenges to the existence or amount of the underlying tax liability if the taxpayer did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability.  Sec. 6330(c)(2)(B).  An issue is not properly raised during a CDP hearing if the taxpayer fails to request consideration of the relevant issue or fails to present evidence after being given a reasonable opportunity to do so.  See Thompson v. Commissioner, 140 T.C. 173, 178 (2013); see also sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

Respondent issued a notice of deficiency to petitioner for taxable year 2005 on September 17, 2010.  Because petitioner received a notice of deficiency for the year at issue and thus had a prior opportunity to dispute his underlying liability for that year, he cannot challenge the existence or amount of that liability here.  Moreover, section 6330(c) permits only "relevant" issues to be raised.  The term "relevant" does not include frivolous or groundless issues.  See Hathaway v. Commissioner, T.C. Memo. 2004-15.  Petitioner has raised solely frivolous issues using common tax-protester arguments.  We will not refute these arguments with somber reasoning and copious citations as if such arguments possessed some colorable merit.  Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).

[*10] Because petitioner's underlying liability is not properly at issue in this case, we review respondent's determination regarding collection action for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000). Pursuant to this standard, the taxpayer must prove that the determination was arbitrary, capricious, or without sound basis in fact or law. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Woodral v. Commissioner, 112 T.C. 19, 23 (1999). Generally, we may consider only those issues that the taxpayer raised during the hearing. See sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see also Magana v. Commissioner, 118 T.C. 488, 493 (2002).

We have consistently held that it is not an abuse of discretion for the Appeals Office to reject collection alternatives and sustain the proposed collection action on the basis of the taxpayer's failure to submit requested financial information or failure to be current with his or her filing obligations. See Huntress v. Commissioner, T.C. Memo. 2009-161; Prater v. Commissioner, T.C. Memo. 2007-241; Roman v. Commissioner, T.C. Memo. 2004-20.

SO Dunnington informed petitioner that he needed to withdraw his frivolous claims and requested that he provide a Form 433-A, file his delinquent 2005 income tax return, and be in compliance with his Federal income tax filing obligations in order to qualify for a face-to-face CDP hearing. However, after

**[*11]** being given ample time, petitioner never withdrew his frivolous claims, provided the requested financial information, or filed his delinquent return. Accordingly, SO Dunnington did not abuse her discretion in sustaining the collection action.

Respondent suggests the imposition of a penalty under section 6673. The Court may on its own determine whether to impose a penalty not to exceed $25,000 when it appears to the Court that a taxpayer's position is frivolous or groundless. Sec. 6673. We did not find in the record that petitioner has made these or similar frivolous claims in the Tax Court before. Thus we will not impose a section 6673 penalty here. However, we caution petitioner that future advancement of these or similar arguments is likely to be sanctioned and may result in a penalty of up to $25,000 under section 6673.

We find that there is no genuine dispute as to any material fact for trial in this case. Accordingly, we will grant respondent's motion for summary judgment and sustain the determination to proceed with the proposed collection action.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.